HERBERT H. CLARK v. A. P. NICHOLS.

No. 15,851. (100 Pac. 626.)

SYLLABUS BY THE COURT.

JUDICIAL SALES—Redemption—Interest. The statute provides that an owner may redeem land sold under execution or an order of sale at the amount for which it was sold, together with interest, costs and taxes, but does not prescribe the rate of interest to be paid. A mortgage bearing interest at the rate of eight per cent. was foreclosed and the land sold to a stranger. The mortgagor offered to redeem, claiming that

he was not bound to pay more than a six per cent. rate of interest. *Held*, that he was required to pay the conventional and judgment rate of eight per cent. per annum.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed March 6, 1909. Affirmed.

*Cook & Gossett*, for plaintiff in error.

*E. D. Ellison*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The controversy in this case arises over the rate of interest to be paid upon the redemption of land by the judgment debtor to one who purchased at a foreclosure sale. H. H. Clark and L. F. Wilson were the owners of certain lands in Wyandotte county upon which they had executed a mortgage to secure notes. bearing interest at the rate of eight per cent. per annum. Upon default the holder of the notes obtained a judgment for the amount of the mortgage debt and, an order of foreclosure, which judgment provided for the same rate of interest as the mortgage debt. The land was sold at foreclosure sale and was purchased by A. P. Nichols, the purchase-price satisfying the amount of the mortgage debt. Within eighteen months from the date of the sale an offer to redeem the land was made, and a dispute then arose as to what rate of interest should be paid by the redemptioners—whether eight per cent., as provided in the mortgage and judgment, or the statutory rate of six per cent., as in the case of creditors where no rate of interest is specifically provided for. The plaintiffs together placed $279.76 on deposit, an amount equal to the difference between the two rates of interest, so as to relieve the sheriff from liability, and later brought this action to recover that deposit. The judgment of the lower court was in favor of the defendant, allowing him eight per cent. interest, and of this judgment plaintiff Clark alleges error.

The decision of the question depends upon statutory

interpretation. It is enacted that "the defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall in the meantime be entitled to the possession of the property," etc. (Civ. Code, § 480b.) After providing that the mortgagee and other creditors and lien-holders may redeem the property from sale at certain periods, the statute provides that "the terms of redemption shall be, in all cases, the reimbursement of the amount paid by the then holder of the certificate of purchase added to the amount of his own lien, with interest per annum, together with costs, subject to the exemption contained in the next section. But where a mortgagee or other lien-holder, as provided for in this act, whose claim is not yet due, is the person from whom redemption is to be made, he shall receive in payment the full amount paid by him, as stated in his certificate of redemption, with interest, together with the actual amount of his claim at the date of redemption." (Civ. Code, § 480f.)

As will be seen, the redemption statute specifically provides that the redemptioner shall pay interest to the purchaser on the purchase-price of the land sold, but does not expressly fix the rate to be paid. On the one side it is contended that the conventional rate borne by the mortgage and judgment is imported into and applies to all proceedings under the judgment, including the redemption of the land sold to satisfy the judgment. On the other side it is contended by the plaintiff in error that the contract of the mortgage is merged into the judgment, that the judgment bears the contract rate by virtue of the statute, that the sale of the land and the payment of the judgment extinguishes the lien and the force of the judgment, and that therefore the rate of the judgment can have no application to the money paid by the pur-

Clark v. Nichols.

chaser at the foreclosure sale. He insists that the rela-
tion between the purchaser and the mortgagors is new
and wholly unaffected by the mortgage contract or the
foreclosure proceedings, and that therefore the only
rate which can apply is the general one providing that
six per cent. shall be paid to the creditors when no
other rate is specified. An examination of that section
(Gen. Stat. 1901, § 3590) shows that its provisions
have no application to persons occupying the relation
of purchaser and redemptioner or to money to be paid
on redemption. In the first place the purchaser at a
judicial sale is not a creditor, and there is in fact no
money due from the redemptioner to the purchaser at
the time the purchase-money is paid. It is not money
lent or due on settlement of account, nor money re-
ceived for the use of another and retained without the
owner's knowledge of its receipt, nor money due and
withheld by an unreasonable and vexatious delay in
payment or settlement of accounts, nor money due or
to become due for the forbearance of payment whereof
an express promise to pay interest has been made, and
it is not money due from employers to their day or
monthly employees. The money paid by the purchaser,
who gets no more than a contingent right and must
await the option of the mortgagor to redeem, is anom-
alous in character, and clearly does not fall within any
of the classes mentioned in the section providing for
the six per cent. rate. Only two rates are suggested as
applicable—the six per cent. rate and the conventional,
or mortgage, rate. It is clear that the legislature in-
tended that interest should be paid before a redemp-
tion could be effected, and it is equally clear that it
did not intend to apply the six per cent. provision,
which governs in the case of creditors. It is only
reasonable, therefore, to infer that the conventional
rate was the one that was in the legislative mind.

The sale and redemption are in a sense parts of the
foreclosure proceeding. The contract rate on a mort-
gage or other debt which constitutes the lien is carried

into the judgment. While in a certain sense the foreclosure and sale satisfy and extinguish the mortgage and judgment, they do not destroy them so far as the mortgagor is concerned. He is given a standing to redeem because he is a mortgagor, and his statutory right is founded on the mortgage. Now, it is reasonable to infer that the legislature, in dealing with the foreclosure of liens and the sale of property to satisfy such liens, had in mind the rates of interest which the debts, or liens carried. It is fair, too, to assume that the legislature had in mind that in most of the foreclosure cases the mortgagee is the purchaser, and that between them the contract rate is the just rate. The statute gives the mortgagor the right under his mortgage to hold possession of the land for eighteen months after the sale, and the further right to redeem from the sale by paying the amount for which it was sold, together with interest, costs and taxes. The purpose of the legislature appears to have been to protect the debtor by giving him the right to pay off the mortgage debt and redeem his land, and to protect the mortgagee by providing that the mortgagor shall pay the costs and expenses of the litigation, as well as the rate of interest which the mortgagor had agreed to pay. In the act regulating the redemption of real estate sold at judicial sale the provisions fixing the rights of creditors to redeem from each other at specified times specially refer to the liens of the mortgage and judgment, and in speaking of the interest in the same connection it is fair to infer that it was the mortgage and judgment rate which was in the mind of the legislature.

The judgment of the district court is affirmed.