H. F. KUEKER, *Appellee*, v. DANIEL MURPHY *et ux.*, *Appellants*.

No. 17,405.

### SYLLABUS BY THE COURT.

REDEMPTION—*Mortgage Foreclosure—Amount Required to Redeem.* In order to redeem mortgaged premises, sold under a judgment of foreclosure, the redemptioner is required to pay the amount for which the land was sold, and interest thereon, together with costs and taxes, and the word "costs" as used in section 476 of the civil code means the costs of redemption and not the costs which accrued in the foreclosure action.

Appeal from Ottawa district court. Opinion filed January 6, 1912. Affirmed.

*David Ritchie*, and *F. D. Boyce*, for the appellants.
*R. A. Lovitt*, and *E. C. Sweet*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. H. Kueker and wife were, in February, 1905, the legal owners of the land in controversy, and at that time they executed a mortgage thereon in the sum of $650 to secure the payment of a promissory note to Daniel Murphy and wife, the appellants in the case. There was a default in the payment of the note, and on April 7, 1908, Murphy secured a judgment for $773.43 and the foreclosure of the mortgage, and, later, in a sale, Murphy bid in the property at $200, the highest and best bid offered. The court, in

the order of sale, allowed a redemption period of nine months. Before the expiration of the period of redemption W. H. Kueker and wife assigned their equity of redemption to H. F. Kueker by a proper quitclaim deed, and thereafter H. F. Kueker, wishing to redeem the land, paid to the clerk of the district court of Ottawa county the sum of $206.52, which amount was duly recorded in the redemption record on June 16, 1908. Thereafter, on June 15, 1909, the sheriff of Ottawa county executed and delivered to the appellants a sheriff's deed for the property in question, based on the previous sale thereof, and upon which sheriff's deed the appellants base their right of action in this case. Kueker, claiming that a redemption had been effected, brought this action to set aside the sheriff's deed, and a judgment holding it to be void was rendered. The $206.52, which was paid by the appellee, H. F. Kueker, to redeem, was made up of the $200, the amount for which the land was sold, and $1.67, the interest on the amount of the bid; taxes of $2.65, and interest thereon 20 cents, and $2, the cost of redemption.

The evidence in the case shows that the legal costs of the foreclosure action, and subsequent costs incident thereto, amount to a total of $33.20, and it is contended that this latter amount should have been collected as a proper part of the amount necessary to redeem, and that, inasmuch as it was not collected, there was no redemption within the legal meaning of that term, and consequently the sheriff's deed is valid and vests title.

The single question involved is a determination of the meaning of the word "costs" as used in section 476 of the civil code. It provides that:

"The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided," etc.

In another section the amounts to be paid' by redemptioners are referred to and it is there provided:

"The terms of redemption shall be, in all cases, the reimbursement of the amount paid by the then holder of the certificate of purchase added to the amount of his own lien, with interest, together with costs, subject to the exemption contained in the next section."    (Civ. Code, § 480.)

Now, it has already been determined that the interest to be paid by the redemptioner is not the interest on the mortgage debt, nor the judgment in the foreclosure, but that he (the redemptioner) "shall pay interest to the purchaser on the purchase-price of the land sold."    (*Clark v. Nichols*, 79 Kan. 612, 614, 100 Pac. 626.)    If the word "interest," as used in the provision, is limited to the amount bid, and to the period intervening between the sale and the redemption, it is reasonable to infer that the legislature, when it used the word "costs" in the same connection, meant such costs as accrued between the sale and the redemption. The redemption, although closely related to the foreclosure action, is in a sense another proceeding, into which a new party, the purchaser, has entered.    He is not in privity with the mortgagor or the mortgagee and has no interest in the mortgage debt or to what extent the purchase price of the land will satisfy the lien.    The sale of the land under the judgment extinguishes the lien on it, without doubt, and the statute also provides that "the right of redemption shall not be subject to levy or sale on execution."    (Civ. Code, §§ 492, 497.)

It is suggested that *Evans v. Kahr*, 60 Kan. 719, 57 Pac. 950, 58 Pac. 467, held to the contrary; that is, that, in order to redeem, the mortgagor, or his assigns, must pay the entire amount of the mortgage debt; but the mortgage involved there was made before the present exemption law was enacted, and hence the case has no application here.    The purpose of the redemption

law is to prevent the sacrifice of the debtor's land, make
it discharge his debt to the extent of its value, and to
give other creditors a chance to bid its full value so as·
to secure something on their claims.   Throughout the·
statute the purpose is evident that a sale of the land
shall operate as a complete discharge of the lien on it
and that the redemptioner shall not be required to pay
the judgment under which the sale is made.   The costs
in the main case are a part of that judgment and the re-
demptioner is no more required to pay the costs than
the other part of the judgment.

Frequently a mortgage is given on a small parcel of
real estate, as part security on a very large debt, and
the costs in a foreclosure proceeding might greatly ex-
ceed the value of the mortgaged land.   For instance,
the costs of the litigation might be $500 and the value
of the mortgaged land $200, and if the theory of ap-
pellant obtained there could be no redemption unless·
the $500 were paid, and that would, in effect, defeat·
the purpose of the legislature.   The statute contem-
plates that there may be several mortgages, that there·
may be several and separate sales of the different par-·
cels, and that any distinct parcel may be redeemed by
·itself.   (Civ. Code, § 490.)   In such cases the theory·
of appellant would be wholly impracticable.

The word "costs," as used in the redemption pro-
ceeding, is manifestly the costs of redemption and not
the costs that may have accrued in the foreclosure ac-·
tion.   Some language in *Clark v. Nichols,* 79 Kan. 612,
100 Pac. 626, is interpreted to give the term a more ex-·
tended meaning, but the court did not have this question
in mind and did not undertake to define the meaning of·
the word "costs."

The decision of the trial court was correct and its·
judgment is therefore affirmed.