No. 20,152.

GEORGE A. MORRIS, *Appellant*, v. JAMES HETTINGER, *Appellee.*

SYLLABUS BY THE COURT.

FORECLOSURE—*Judicial Sale—Redemption—Interest.* The rule declared in *Clark v. Nichols*, 79 Kan. 612, 100 Pac. 626, that in redeeming from a foreclosure judgment the contract rate of interest governs, followed.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 6, 1916. Affirmed.

*C. M. Williams,* of Hutchinson, for the appellant.

*F. P. Hettinger,* and *James Hettinger,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEST, J.: The facts in this case are, that a tract of mortgaged land was sold to satisfy a judgment in foreclosure amounting to $2769.24 and costs, the bid being $6250. The owner, desiring to redeem, was required to pay, on the amount of the bid, the rate of interest which the mortgage bore, ten per cent; but claiming that only the statutory rate of six per cent could be collected on the difference between the amount of the judgment and the amount of the bid, he paid such difference under protest and sued to recover. The trial court held against him, and he appeals.

The law applicable was declared in *Clark v. Nichols*, 79 Kan. 612, 100 Pac. 626. The fact that in that case the bid was substantially the amount of the judgment can not change the rule. The matter has been admirably presented by able counsel, but upon full consideration, no legal cause appears for departing from the decision referred to.

The judgment is affirmed.

MASON, J. (dissenting) : The decision in *Clark v. Nichols* does not seem to me to reach the present case. There the bidder paid only the amount of the judgment, which went to the lien holder. Here a surplus over the judgment was paid, of which the redemptioner has had the use in the meantime, and the question is as to the rate of interest he should pay upon

that. Land is often sold judicially to satisfy a number of liens, each bearing interest at a different rate. The proceeds of a sale might be disbursed in payment of a tax lien bearing 12. per cent, one mortgage lien bearing 8 per cent, another bearing 4, and the lien of a judgment founded on a tort, bearing 6 per cent. It is the statute in each case that fixes the rate, although the statute adopts the contract rate where there is one. The money paid by the purchaser being disbursed among the holders of the several liens, he, in a way, steps into their shoes, and, as I understand the reasoning of the Clark-Nichols case, in case of redemption he would be entitled to receive upon the amount applied to each lien respectively the rate of interest which that particular lien bore. Where there is a surplus over all the liens I see no reason why the rate of interest borne by it should be controlled by that of one lien rather than another. And in default of any other test, I think the legislature should be deemed to have intended 6 per cent, that being the rate usually adopted in the absence of a contract.