No. 32,062

CHARLES W. JOHNSON, as Receiver of The Delia State Bank (E. I. ZIRKLE, Assignee), *Appellee,* v. JAMES C. CUNNINGHAM et al., *Appellants.*

(41 P. 2d 1030)

Opinion filed March 9, 1935.

*H. J. Adams,* of Holton, for the appellants.
*M. A. Bender,* of Holton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the question whether a judgment debtor in foreclosure proceedings on real estate may redeem the property from the sale in foreclosure for less than the amount of the mortgagee's bid therefor.

The facts were as follows: James C. Cunningham owned an eighty-acre tract of land near Delia. It was encumbered with a first mortgage of $2,900, and a second mortgage for $2,050, held by the Delia State Bank. The bank was in the hands of Charles W. Johnson as receiver, presumably because of its insolvency.

The receiver brought suit to foreclose the second mortgage. Judgment was decreed in favor of plaintiff; foreclosure was decreed and order of sale issued; and on November 23, 1931, the property was

sold by the sheriff and bid in by the receiver for the face of the bank's judgment, $2,050. The sale was confirmed on December 4, 1931, and the judgment debtor was given eighteen months in which to redeem. Under various moratorium acts and gubernatorial proclamations, whose validity is not questioned, the period of redemption was extended until March 1, 1935.

On September 24, 1932, the certificate of purchase at foreclosure sale held by the receiver was sold by him to E. I. Zirkle for $550. On or prior to January 23, 1934, Cunningham, the judgment debtor, tendered to Zirkle the sum of $550 to redeem the property. Zirkle declined to accept that amount; and this proceeding was brought in an effort to obtain an adjudication that Zirkle is not entitled to exact the full amount of the mortgagee's bid as evidenced in the sheriff's certificate of sale issued to the receiver and assigned to Zirkle, and that the latter must content himself with reimbursement in the sum he had actually paid therefor.

Such a contention is untenable. If the purchaser at the sheriff's sale should be disposed to part with his interest for less than it cost him—for 10 cents on the dollar—or to bestow it as a free gift upon a third party, that is no concern of the judgment debtor. In order to redeem the property he must pay the amount for which the property was sold at the foreclosure sale. Such is the plain letter of the statute, the pertinent part of which reads:

"The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, . . ." (R. S. 60-3439.)

The later amended statute, R. S. 1933 Supp. 60-3439, does not vary from the one just quoted in the matter of present concern. "The amount sold for" at the foreclosure sale (together with costs and taxes) is the amount the redemptioner must pay. (*Clark v. Nichols,* 79 Kan. 612, 100 Pac. 626; *Kueker v. Murphy,* 86 Kan. 332, 120 Pac. 362.)

Appellant directs attention to R. S. 1933 Supp. 60-3443, in which, among other matters, it is provided that the *terms of redemption* in all cases shall include the reimbursement of the amount paid by the then holder of the certificate of purchase, added to his own claim, etc. Appellant argues that Zirkle, assignee of the certificate of purchase from the receiver, is the "holder of the certificate of purchase" contemplated by the statute. In a certain sense that is true, since

he is the lawful transferee of the rights of the purchaser at the foreclosure sale; but the statute contemplates that the rights of the original holder of the certificate of purchase may be assigned (R. S. 60-3457), and when transferred they are precisely the same when vested in the assignee as they were in the original certificate holder, no matter what consideration the assignee may have given to acquire them. (*Austin v. Ballard*, 84 Kan. 619, 114 Pac. 1084.) It is a common fallacy to construe a statutory provision without regard to its context. Here the construction contended for by appellant would vitiate the express language of R. S. 60-3439, quoted above, which declares that the "amount sold for" at the foreclosure sale must be forthcoming to effect its redemption.

The record contains no error, and the judgment is affirmed.