(607 P.2d 80)

No. 50,330

CAPITOL FEDERAL SAVINGS & LOAN ASSOCIATION, a Corporation, *Plaintiff*, v. ROBERT W. YOUKER, *Defendant-Appellant*, v. J. R. SHERMAN, *Appellee and Cross-Appellant.*

Opinion filed February 29, 1980.

*Mark A. Corder,* of Hackler, Londerholm, Speer, Austin & Holliday, of Olathe, for the appellant.

*Phillip A. Miller* and *William Grimshaw* of McCaffree & Grimshaw, Chartered, of Olathe, for the appellee and cross-appellant.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: This appeal involves the redemption of real property sold under an order of sale. The defendant owner, Robert W. Youker, appeals from an order which required him to pay at redemption a higher interest rate than that of his mortgage. The purchaser, J. R. Sherman, cross-appeals and contends that the trial court erred when it upheld a local court rule which authorized the redemption funds to be held by the clerk of the district court.

In late 1977, Capitol Federal Savings & Loan Association foreclosed the mortgage on two Leawood lots owned by Youker. The property was purchased by Sherman under an order of sale. The district court ordered that a six-month period of redemption be set and a certificate of purchase be delivered to the buyer. Within the six-month redemption period, Youker gave the clerk of the district court a money order which included the purchase price paid by Sherman, the cost of one year's insurance premium, and interest at the rate of 9¾ percent. Youker contemporaneously filed a motion challenging the right of the purchaser to receive

interest at a rate other than the judgment rate (6%) or the rate set forth in the original mortgage note (8%). The trial court held that the higher rate (9¾%), which the purchaser had to pay to acquire the funds for the purchase of the lots, was the appropriate interest rate to be paid by Youker. The court also upheld its local rule which authorized the clerk of the district court to hold redemption funds paid by certified check, money order or personal check for a period of 21 days.

Inasmuch as the purchaser is not a creditor of the defendant owner, the rate of 6 percent per annum provided for in K.S.A. 16-201 is not applicable. This leaves for our consideration only the mortgage rate of 8 percent and the 9¾ percent rate which Youker paid to effect redemption.

The redemption of real property is controlled by K.S.A. 1979 Supp. 60-2414. Subsection (*a*) generally defines the right of the property owner to redeem "any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs and taxes, at any time within twelve (12) months from the day of sale, for the amount paid by the then holder of the certificate of purchase together with interest, costs and taxes to the date of redemption . . . ." An earlier version of this statute was interpreted in *Clark v. Nichols,* 79 Kan. 612, 100 Pac. 626 (1909). There, as in this case, the foreclosed mortgage bore an 8 percent rate, the redemption statute did not specify a rate of interest to be paid, and the purchaser at sale was neither a general creditor nor the mortgagee. The court concluded:

"The sale and redemption are in a sense parts of the foreclosure proceeding. The contract rate on a mortgage or other debt which constitutes the lien is carried into the judgment. While in a certain sense the foreclosure and sale satisfy and extinguish the mortgage and judgment, they do not destroy them so far as the mortgagor is concerned. . . . [I]t is reasonable to infer that the legislature, in dealing with the foreclosure of liens and the sale of property to satisfy such liens, had in mind the rates of interest which the debts or liens carried. . . . In the act regulating the redemption of real estate sold at judicial sale the provisions fixing the rights of creditors to redeem from each other at specified times specially refer to the liens of the mortgage and judgment, and *in speaking of the interest in the same connection it is fair to infer that it was the mortgage and judgment rate which was in the mind of the legislature." Clark,* 79 Kan. at 615-616. (Emphasis supplied.)

This rule provides certainty in determining the appropriate rate of interest on redemption. Following *Clark,* the court in *Morris v. Hettinger,* 98 Kan. 74, 157 Pac. 404 (1916), held that the owner

was required to pay "the rate of interest which the mortgage bore." We hold that the rule enunciated in *Clark* and *Morris* is still the law in Kansas. Accordingly, the trial court erred when it ordered Youker to pay interest at the rate of 9¾ percent instead of the mortgage rate of 8 percent.

We next consider the question raised on cross-appeal concerning the validity of the district court rule which requires the clerk of the district court to hold certain redemption funds. At oral argument we learned that the money was paid to the purchaser within seven days. The adoption of such a rule is a matter of court administration and lies within the province of the court. We find this administrative plan to be a reasonable means by which the clerk is protected from drawing on funds which may not exist. Accordingly, the trial court was correct in upholding this rule.

We also affirm the trial court's holding that the redeemer-landowner is not obligated to pay interest on the tendered sum during the period the funds were held by the clerk. By statute, interest is to be paid "to the date of redemption." That date is the one on which the money is paid in to the clerk, not the date it is paid out by the clerk.

The judgment is affirmed as to its ruling on the validity of the court rule and as to its holding that the redeemer is not obligated to pay interest during the time the funds were held by the clerk. It is reversed insofar as it required the redeemer to pay 9¾ percent interest rather than the 8 percent mortgage rate.