[Sac. No. 433.   Department One.—December 22, 1898.]

**EDWIN TILLEY, Appellant, v. JOHN BONNEY et al., Respondents.**

MINING CORPORATION — PURCHASE OF VENDOR'S LIEN BY DIRECTOR —ENFORCEMENT OF JUDGMENT FOR SUM PAID — VALIDITY OF SALE FOR EXCESS.— A judgment rendered in the name of the plaintiff in an action to foreclose a vendor's lien against the property of a mining corporation, obtained for the full amount of the claim, after a purchase thereof by a director of the corporation at a discount, may be enforced by sale under execution to satisfy the

judgment for the amount paid by the director, whether the transfer of the vendor's lien was valid or not; and a purchase of the property for the full amount of the judgment would not render a sale under the execution invalid, but the director would merely be responsible for the excess.

ID.—RIGHTS OF SUBSEQUENT LIENHOLDERS — REDEMPTION — INSUFFICIENT TENDER.— A subsequent lienholder, whose lien accrued after the docketing of such judgment and the sale thereunder, must make a statutory redemption therefrom during the period allowed therefor, by tendering with the proper redemption papers the amount which was in fact a valid lien upon the property; and upon his failure to do so, the title will pass to the purchaser, notwithstanding a mere tender of the amount due, without a statutory redemption.

ID.— EXECUTION SALES— SEVERAL PROPERTIES —EQUALITY OF LIENS— OMISSION TO FIND VALUE. — Where a judgment lienholdor who held liens of equal rank with that of a judgment lien in favor of another person, sold other pieces of property under execution besides the property sold under the other judgment lien, the omission of the court in an action to determine the question of priorities between them, to find as to the value of the respective pieces of property so sold, is material, and renders it impracticable to determine the respective rights of the parties in the property sold.

APPEAL from a judgment of the Superior Court of Nevada County. J. E. Prewett, Judge.

The facts are stated in the opinion.

P. F. Simonds, and Thomas S. Ford, for Appellant.

J. M. Walling, for Respondents.

CHIPMAN, C.—Action to quiet title. The court gave judgment that of the property in controversy plaintiff is the owner of one thousand and twenty-seven and three-fourths sixteen hundred and nineteenths, and defendants of five hundred and ninety-one and one-fourth sixteen hundred and nineteenths, undivided. Plaintiff appeals on the judgment-roll from that part of the judgment awarding an interest to defendants and quieting defendants' title thereto.

The findings set forth the sources of title of plaintiff and defendants as follows:

In May, 1893, one Gray and others brought an action to foreclose a vendor's lien for $1,300 on the property in question

against one Conly and the Midnight Gold and Silver Mining
Company, a corporation, the latter being the owner of the prop-
erty. Pending the action Tilley (present plaintiff, who was a
director of the corporation), in good faith, bought the claim
for $775, and continued the action in the name of Gray et al.,
and on September 18, 1893, obtained judgment for $1,519.90,
foreclosing the lien. An order of sale was issued September 27,
1893, and on October 19, 1893, the sheriff sold the whole of the
premises for $1,619, being the full amount due, and this plain-
tiff became the purchaser. The property sold included all the
property described in the complaint, known as the "Wisconsin
Quartz Mine"; but said property constituted only a part of the
property of said corporation. No redemption was made, and
after six months from the delivery of the certificate of sale the
sheriff delivered a deed to plaintiff, which was duly recorded.
Plaintiff claims title under this deed. Reference will be made
to this as the Tilley-Gray judgment.

On March 16, 1893, plaintiff purchased from said Conly a
promissory note executed by the corporation for the sum of
$14,188.80, paying Conly therefor $1,000. Plaintiff was then
a stockholder and director in the corporation; May 13, 1893,
plaintiff brought suit on the note against the corporation and
obtained judgment May 24, 1893, for $14,363.79, and on Oc-
tober 20, 1893, the sheriff sold all the interest of the corporation
in the property, the subject of this action, as well as certain
other real property, and issued his certificate of sale therefor;
and on September 24, 1896, delivered to plaintiff a sheriff's
deed to all said property. This will be referred to as the Tilley-
Conley judgment.

On November 24, 1893, defendant Bonney obtained a judg-
ment against the corporation for $1,194.30, which was that day
duly entered in the records of said court, and remaining wholly
unpaid; on February 20, 1896, Bonney caused execution to issue
thereon, and on December 18, 1895, caused all of the real prop-
erty of the corporation to be sold, including that in question,
and Bonney became the purchaser for the amount of his judg-
ment, which was fully satisfied upon the records of the court.
No redemption being made, a deed was issued on July 11, 1896,
to Bonney, which was duly recorded. This will be referred to

as Bonney judgment No. 1. From the findings it appears that the execution issued after the sale. It is probable the execution issued December 18, 1895, and the sale was February 20, 1896,. which was the fact as to the Bonney judgment No. 2, *infra*.

On November 24, 1893, Bonney obtained another judgment against said corporation for the sum of $1,144.80, on which execution issued December 18, 1895, followed by sheriff's sale of all the property of said corporation, including that in question, and Bonney became the purchaser and took certificate of sale. No redemption being made, the sheriff made a deed to Bonney July 11, 1896, which was duly recorded, and the execution was returned fully satisfied,as was the judgment also satisfied. This will be referred to as Bonney judgment No. 2. On September 22, 1896, Bonney conveyed an undivided half interest in said premises to defendant Cox.

On January 26, 1894, Bonney brought an action against plaintiff in this action, alleging that both of the Tilley judgments were fraudulent and praying that the Bonney judgments be declared superior to Tilley's. At the trial Bonney had judgment April 13, 1894, adjudging that, as against the property now in question, the Tilley-Gray judgment "was only a valid lien for the sum of $775, with interest at seven per cent from September 18, 1893, and as to that amount it was a prior lien, upon the property described in the complaint herein, to the judgments of Bonney (No. 1 and No. 2) hereinbefore referred to, and that as to the remainder of said judgment over and above $775 and interest, the said judgment of April 13, 1894, was silent." It was further decreed that "the judgment dated May 24, 1893, in the case of Tilley against said corporation (the Tilley-Conly judgment) was valid, and that Tilley was entitled to have his judgment on the Conly note enforced against the property of the corporation on an equality with said Bonney." The findings, then, show that Bonney appealed to this court from that judgment and it was here adjudged that the Tilley-Conly judgment "could only be enforced against the property of the corporation on an equality with Bonney for the amount of $1,000, interest and costs, being the amount which Tilley paid for the note, and in other respects the said judgment of April 13, 1894, in *Bonney v. Tilley*, was affirmed, but it was ordered modified

in the manner stated." There is nothing to show that the cer-
tificate of sale to Tilley, under which he now claims, was set
aside in that judgment. On February 8, 1896, "for the purpose
and with the intent of redeeming from said plaintiff the prop-
erty in said complaint described herein from the lien of the
judgment in the case of Gray *et al.* against said corporation (Til-
ley-Gray judgment), Bonney tendered to plaintiff, in writing,
the sum of $910 gold coin, being the full amount then claimed
by him, Bonney, to be due upon the judgment of September 18,
1893 (the Tilley-Gray judgment), for principal and interest at
said date, but the plaintiff refused and still refuses to accept
the same. More than six months had elapsed after the sale of
October 19, 1893 (in fact two years and six months), and prior to
the time of tender, before said offer was made, and the said
person so claiming to redeem did not produce, nor serve with
his notice, any copy of the docket of the judgment under which
he claimed the right to redeem, or any affidavit showing the
amount then actually due on the lien."

Defendants in their answer allege that the sales under the
Tilley-Conly judgment of May 24, 1893, and the Tilley-Gray
judgment of September 18, 1893, were and are invalid, because
they were subsequently modified by decree of this court on
appeal, and defendants pray that these judgments be vacated
and that all certificates of sale and deeds executed by virtue
of such judgments be canceled and declared invalid.

There were no findings or decree relative to these allegations.
The conclusions of law found relate only to the proportion, as
first above stated, to which each party is entitled to the property
in question; and the decree merely quiets the title of each in
the proportion named.

Appellant disclaims all knowledge as to how the trial judge
arrived at the denominator, to wit, $1,619, or as to the source
whence the two numerators were derived. Respondents do not
undertake to enlighten us upon that question. The denominator
corresponds in amount with the bid by plaintiff at the sale under
the Tilley-Gray judgment. We are unable to discover the source
of the two numerators. The denominator apparently repre-
sents the entire property in dispute, and the two numerators the
respective interests of plaintiff and defendants therein, but we

are unable to discover from the findings how these numerators were ascertained or why the denominator was taken to be 1619.

Plaintiff, as we have seen, claims under the sale of the property upon the Tilley-Gray judgment of September 18, 1893. This sale was made October 19, 1893, and the sheriff issued his certificate of sale. There was no redemption, and after six months the sheriff made his deed to Tilley. Bonney brought his action January 26, 1894, to have this Tilley-Gray judgment and the Tilley-Conly judgment declared void, and his, Bonney's superior thereto. This action was brought within the six months' period of redemption, but without any offer to redeem, and resulted in a judgment given April 13, 1894, that the Tilley-Gray judgment was a valid prior lien for the sum of $775, with interest, upon the property described, but the judgment was silent as to the balance of the Tilley-Gray judgment. At this time there was outstanding a certificate of sale, on which the time for redemption had not elapsed, showing that Tilley had purchased the property for $1,619, being the full amount of the Tilley-Gray judgment, with interest and costs. Bonney appealed to this court, and on October 4, 1895, the decision of the court was filed. (*Bonney v. Tilley*, 109 Cal. 346.)

The point was raised in *Bonney v. Tilley, supra*, at the argument here, that a vendor's lien is not assignable, and, therefore, Tilley's right to the vendor's lien which was held by Gray *et al.* was destroyed by the assignment to Tilley. Upon the question this court did not distinctly decide that the vendor's lien was lost by assignment, but the court said: "If, therefore, that part of the judgment foreclosing the vendor's lien were eliminated, there would still be left a valid judgment which was a lien on all the real property of the corporation, and was prior and superior to the lien of plaintiff's judgments." All that we can find decided by this court, as to the Tilley-Gray judgment, was that it became a prior lien for the sum of $775, whether there was a vendor's lien or not, and this was an affirmance of the judgment below so far as the Tilley-Gray judgment was concerned. The effect, we think, was to leave in the hands of Tilley a certificate of sale of the premises in question which could not be avoided by statutory redemption, because the time for redemption had expired. Respondent urges that

the effect of the judgment here on appeal was to set aside the certificate of sale and leave Tilley with a judgment lien for $775, on which he would have to take out execution and sell again; and that the first sale under the judgment foreclosing the vendor's lien became ineffectual for any purpose. We cannot agree with this view of the matter. Tilley had a valid judgment for $775, which became a valid lien on the property when docketed, and it is immaterial whether it be called a vendor's lien or a judgment lien. When Bonney brought his action, he did not ask to have Tilley's certificate of sale set aside. He asked to have his judgment declared to be superior to Tilley's but made no offer to redeem, pending his action and the appeal. Failing to redeem, his right of redemption was cut off by the running of the statute. Respondent asks: "Was Bonney required to redeem from an erroneous judgment, and pay Tilley double the amount to which he was entitled?" He was not required to pay the full amount of the judgment, as the case turned out, but to protect himself against a possible failure in his suit Bonney was required to offer to redeem by paying the amount which was in fact found to be a valid lien. He did not do this, but relied upon defeating the entire judgment, in which he failed; and we do not know of any statute allowing him to redeem now, nor can we see upon what principle of equity he should be permitted to do so. Indeed, he admits that his tender now made is not under any statute, but claims that he "took this method of paying off the prior lien of the Gray judgment, as modified by the supreme court, thus rendering it unnecessary for Tilley to enforce his prior lien by sale of the premises"; and he adds, "this we had the right to do, as we were creditors holding judgment liens against the property."

This is a mistaken view of Bonney's rights, as we have seen, for Tilley was not required to take out execution and again sell the property in order to enforce his prior lien; he had sold under an order of sale upon a valid judgment which was not reversed, and that sale gave him title which could only be defeated by redemption. It is true Tilley bid $1,619 for the property, and presumably it was of that value; and hence it may be said that he holds under his certificate of sale property worth $844 in excess of his prior lien of $775; still, Bonney could then have

redeemed, had he so desired, by paying Tilley this latter amount, and, not having done so, we cannot see that he should now be heard to complain because Tilley has in effect obtained title by his purchase for less than the value of the property. Besides, Tilley satisfied his judgment for the full amount of sixteen hundred and nineteen dollars.

We find nothing in *Southern Cal. etc. Co. v. Ocean Beach Hotel Co.*, 94 Cal. 217, 28 Am. St. Rep. 115, cited by respondents, in conflict with this view of the sale. The sheriff proceeded regularly, as the findings show, under an order of sale to enforce the Tilley-Gray judgment. The purpose was to enforce a valid prior lien. The function of the order was to subject the property in question to sale to pay the judgment, and it was equally efficacious to accomplish that object whether the judgment gave a vendor's lien or a general lien prior to Bonney's. To hold that Tilley's certificate of sale was vacated on the assumption that he did not have a vendor's lien, but did have a prior judgment lien, would result in just what seems to have happened here; namely, to place all the judgments of both Tilley and Bonney on an equality, and take from Tilley his right of priority of lien on the property purchased by him, to which this court held he was entitled.

There is another feature of the case deserving attention. Besides the Tilley-Gray judgment there were three others—one, the Tilley-Conly judgment, for $1,000, in favor of Tilley; and two in favor of Bonney, one for $1,194.30, and one for $1,144.80. As to these they were held to be of equal rank between themselves upon all the assets of the corporation. Both Tilley and Bonney obtained certificates of sale under these judgments of all the property of the corporation, including the property in question. There were three separate mining claims purchased at these sales besides the premises in question. There are no findings as to the value of this outside property, or what proportion of each of the judgments was paid by it. Bonney bid the full amount of his judgments, and the executions were returned and the judgments fully satisfied. There must have been some value in the property other than the premises in question. Even if the property involved here could be sold to pay these judgments, there should have been findings as to the value of the

different pieces of real estate, or, at least, of the amounts for which they were sold, before the proportion to which each party is entitled in the property in question could be ascertained, and before it could be seen that Tilley's prior lien of $775 was preserved. We are unable to determine from the facts found upon what theory the learned trial judge deduced his fractions, either as to the numerators or the denominator. It is quite clear, however, that he treated the Tilley-Gray judgment sale as ineffectual to convey title to Tilley; but the process by which the equities of the parties under the several judgments were worked out we are unable to discover. Whatever the process, the conclusion was erroneous, because it apparently dealt with property to which Tilley had title under the Tilley-Gray judgment, to redeem which Bonney had lost all right.

That part of the judgment appealed from should be reversed; and, as plaintiff from the findings appears to be entitled to the relief prayed for, the lower court should be directed to enter judgment quieting plaintiff's title to the whole of the property involved in this action.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion that part of the judgment appealed from is reversed, and the trial court is directed to enter judgment quieting plaintiff's title to the whole of the property.

Harrison, J., Garoutte, J., Van Fleet, J.