[Civ. No. 7442. Third Dist., Apr. 19, 1948.]

ANNA CLO SMITH et al., Appellants, v. SCHULER-KNOX COMPANY (a Corporation) et al., Respondents.

H. R. Whiting, Morgan V. Spicer and W. W. Sanderson for Appellants.

Carlton & Shadwell for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them pursuant to an order sustaining a demurrer to their amended complaint without leave to amend the pleading.

The complaint is couched in two counts. Primarily both causes of action seek to quiet title in plaintiffs to real property in Siskiyou County. Incidentally, the first cause alleges that ''plaintiffs desire to redeem said property'' from an execution sale thereof which took place in September, 1933, to Schuler-

Knox Company, a corporation, pursuant to section 701 of the Code of Civil Procedure. The conditions upon which such redemption may be enforced, as provided by sections 702 and 705 of that code, are not alleged to have been performed. The execution sale was made by a constable, in satisfaction of a previous judgment against these plaintiffs in a justice's court of that county. The amended complaint in this case alleges that a prior suit to quiet title to said land, between the successors in interest of Schuler-Knox Company and these plaintiffs, was decided adversely to Mr. and Mrs. Smith and affirmed by this court. (*Crenshaw* v. *Smith,* 74 Cal.App.2d 255 [169 P.2d 752].) The title to said real property and the regularity of the proceedings in the justice's court trial, and upon execution sale of the land have been twice before this court. (See, also, *Schuler-Knox Co.* v. *Smith,* 62 Cal.App. 2d 86 [144 P.2d 47].) For a more detailed statement of the facts involved reference is made to those decisions.

A general and special demurrer to the amended complaint in this case was sustained without leave to amend the pleading. Judgment was accordingly rendered against the plaintiffs to the effect that they are entitled to recover nothing by this action. From that judgment this appeal was perfected.

The respondents contend that the former judgment quieting title to the real property is res judicata of the issues in this case, and that plaintiffs are barred by laches and by the statute of limitations from maintaining this suit. They assert that: 1. Since the complaint alleged the necessary elements constituting res judicata, the demurrer on the ground that the pleading fails to state a cause of action was properly sustained on that ground; 2. Since these plaintiffs had the opportunity of litigating their alleged right of redemption from the execution sale of the property in the former suit to quiet title thereto, and failed to do so, that judgment is also res judicata of that issue in this case; 3. This action is barred by the statute of limitations, which was specifically pleaded in the demurrer, and that the demurrer was properly sustained on that ground.

The appellants concede that they ''do not seek by this action 'to defeat' the former judgment,'' but assert that ''The matter of appellants' equity *to redeem* or other equitable relief on the ground of fraud, mistake and other circumstances was never in any way in issue or considered by the court,'' in the former action to quiet title.

We are of the opinion the former judgment in the suit to quiet title is res judicata of the issues in this case, including the alleged right of redemption from the execution sale of the property, and that the last-mentioned right is barred by the statute of limitations.

Litigation over the title to the land which is involved in this case has been pending for over 15 years. Suit to quiet title to the land in question was commenced by Schuler-Knox Company against these plaintiffs July 29, 1937. It was founded on a judgment by default recovered against these plaintiffs in the justice's court, July 30, 1930. An abstract of that judgment was duly recorded October 28, 1931, creating a lien on the property. The judgment was not paid. In September, 1933, after due notice, the constable sold said property on execution sale to Schuler-Knox Company November 22, 1934, in satisfaction of the judgment, after the statutory time for redemption (Code Civ. Proc., § 702) had expired, no effort having been made to redeem the property, and a deed of conveyance was then executed to the purchaser. The suit to quiet title to the land in Schuler-Knox Company was not brought against these plaintiffs until July 29, 1937, as we have previously stated. Mr. and Mrs. Smith appeared and answered the complaint in the last-mentioned suit to quiet title, denying the material allegations of the complaint, and affirmatively setting up as a defense alleged irregularities of proceedings in the justice's court, and its lack of jurisdiction. These plaintiffs also alleged that, for a valuable consideration, they sold and conveyed the property to Nora Kathleen Trapp, August 11, 1937. She was also made a party defendant in that suit. Mrs. Trapp answered the complaint, claiming that she was the owner of the land, and setting up the same defenses urged by Mr. and Mrs. Smith. Neither of the defendants pleaded, as an interest in said property, a right of redemption from the sale of the property, or any excuse for failure to exercise that right within the statutory time prescribed by law. No alleged fraud or misrepresentations of the Schuler-Knox Company were alleged in that regard. That right, if any then existed, was not mentioned in their pleadings, or at all. After trial, in which all the interested parties participated, the court adopted findings favorable to the Schuler-Knox Company in every essential particular, and rendered judgment against each of the defendants to the effect that neither of them had any right, title, interest or claim to any part of said real property, and enjoined them and each of

them from thereafter asserting any such right. The judgment awarded the plaintiff immediate possession of the property. From that judgment the defendants appealed.

This court reversed that judgment on the ground that plaintiff failed to sustain the burden of proving that the justice's court had jurisdiction to render the original judgment therein. (*Schuler-Knox Co.* v. *Smith, supra.*) The cause was retried on the same issues and pleadings, but in the meantime Orville E. Crenshaw and Loren A. Davis succeeded, on June 14, 1941, to Schuler-Knox Company's interest in the property. Again the trial court adopted findings against these plaintiffs in every essential respect, including the issue of the jurisdiction of the justice's court, and quieted title in said successors in interest, determining that neither the Smiths nor Mrs. Trapp had any right, title or interest in the property. From that second judgment the defendants again appealed. That judgment was affirmed by this court in April, 1946. (*Crenshaw* v. *Smith, supra.*) A hearing was denied by the Supreme Court.

This suit was then commenced by Mr. and Mrs. Smith in September, 1946. The complaint reasserts in detail many of the alleged irregularities of procedure in the trial and sale of property in the justice's court case, which were determined against these plaintiffs in the prior suit quieting title. But, in view of the concession of appellants that they are bound by the judgment in that case as to all issues therein actually pleaded and determined, we shall not discuss that feature of the appeal.

■ The real issue upon which the appellants rely is the assertion that the amended complaint alleges a cauŝe of action based on their right to redeem the property from the constable's sale in 1933, which they claim was not an issue in the subsequent suit quieting title against them, the judgment of which was rendered in 1937, and that it therefore is not res judicata as to that undetermined issue. But we are of the opinion that issue of the right to redeem the property was based on their interest in the property which could and should have been determined in that suit to quiet title, and that the judgment therein must therefore be deemed to be res judicata of that issue. ■ Moreover, section 702 of the Code of Civil Procedure provides that the judgment debtor may redeem the property from sale "within twelve months after the sale," upon specified conditions mentioned. That section prescribes a limitation of time within which the

property must be redeemed. It was not so redeemed, and no effort was made to comply with the statute in that regard.

█ It has been repeatedly determined that res judicata applies not only to the issues which were actually pleaded and determined by the former judgment, but also to all issues which could have been properly tendered and determined thereby. (*Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864, 868 [137 P.2d 713]; *De Hart* v. *Allen,* 26 Cal.2d 829 [161 P.2d 453]; *Krier* v. *Krier,* 28 Cal.2d 841 [172 P.2d 681]; *Brunswig Drug Co.* v. *Springer,* 55 Cal.App.2d 444, 450 [130 P.2d 758].)

In the case last cited it is said, at page 450, that:

". . . Since it was within the scope of Springer's action and related to the subject matter thereof and relevant to the issue raised by Springer's complaint so that it could have been raised, 'the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.' "

Applying the foregoing language to the present action, it is apparent that these plaintiffs were called upon to assert any and all claims of rights or title which they had in the property as defenses to the prior suit to quiet title thereto. They were then definitely informed that the Schuler-Knox Company claimed title thereto by virtue of the execution sale and conveyance growing out of the justice's court suit. Their right of redemption and to any moneys which they might have previously expended while they retained possession, for improvements, if any such existed, constituted interests in the property which could and should have been alleged and proved by them in the suit to quiet title. We therefore think those issues were waived, and that the judgment quieting title is res judicata as to such issues. By reference to the former opinions of this court it is apparent that these appellants had knowledge of the pendency of the justice's court action. They were served with process therein and an abstract of judgment which was rendered was duly recorded in 1931, thereby creating a lien on the property. Certainly they were charged with that knowledge at the time the pleadings were served upon them in the suit to quiet title. Yet they saw fit to rest their claim on the asserted lack of jurisdiction of the justice's court and upon certain specified alleged irregularities in those proceedings and sale, including the sale of the property in gross and not by parcels, all of which issues were determined against them. If there was any fraud which prevented them from exercising their right of redemption, the statute of limi-

tations having then expired, it should have been alleged in that suit to quiet title. By their failure to do so, they are now barred from asserting those issues at this late date in this separate subsequent equitable action. In *Bank of America* v. *McLaughlin L. & L. Co.*, 40 Cal.App.2d 620, it is said at page 632 [105 P.2d 607], quoting from *Price* v. *Sixth District Ag. Assn.*, 201 Cal. 502, 511 [258 P. 387] :

" 'This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' (Citing authorities.)"

The appellants further sought to defeat the justice's court judgment by subsequently declaring a homestead on the property, and by means of bankruptcy proceedings. But the homestead and adjudication of bankruptcy were held to be ineffectual because of the prior lien which was created by duly recording the abstract of judgment of the justice's court.

█ The only issue in this case is whether the complaint alleges fraud or other valid reason which might excuse appellants from attempting to redeem their property within the time limited therefor by the statute. It is conceded they never did attempt to redeem the property or to perform any of the statutory prerequisites therefor. We have carefully read the pleading and find nothing to indicate that Schuler-Knox Company did anything which would tend to deter or prevent the appellants from redeeming their property. Indeed, just the contrary conclusion may reasonably be drawn from the proceedings. The justice's court judgment was obtained in July, 1931. The property was not conveyed on execution sale until more than two years thereafter. The deed of conveyance was not made until November 22, 1934, which was more than one year after the sale occurred. The suit to quiet title was not commenced until July 29, 1937, more than two and a half years after the deed was executed. In the meantime Mr. and Mrs. Smith retained possession of the property. It is not alleged or claimed that the judgment creditor, who purchased the land at the sale, ever mentioned the right of redemption to the former owners.

█ It is true that an equitable action may lie to permit judgment debtors to redeem their real property from execution sale upon equitable terms to be imposed after the statute of limitations therefor has expired, when it appears they were prevented from exercising that remedy by the fraud or deceit of the judgment creditors or their agents or by *mutual*

*mistake* of the parties. (*Benson* v. *Bunting,* 127 Cal. 532, 536 [59 P. 991, 78 Am.St.Rep. 81] ; 11 Cal.Jur. § 56, p. 108.) That exception to the general rule is based on the assumption that the purchaser should be estopped from enforcing strict compliance with the statute of limitations on account of his fraudulent statements or conduct which misled the former owner and caused him to rely thereon and to fail to exercise his right within the statutory time prescribed. The mistake which may warrant such relief apparently must be a *mutual mistake* of both parties with respect to the statutory time for redemption. In the text of 11 California Jurisprudence, previously cited, it is said in that regard:

"Under this rule relief may be granted where there was *a mutual mistake* of law as to the time allowed for redemption." (Italics ours.)

It is apparent that no mutual mistake of the respective parties in this case existed. There was no discussion between them of the statutory right of redemption. It was merely the appellants' mistake in assuming that they were not required to set up their right of redemption in the suit to quiet title, and their reliance upon being able to defeat the justice's court judgment as previously stated.

The cases cited and relied upon by appellants in support of their contention that this separate suit in equity lies to enforce their right of redemption, in spite of their failure to redeem the property and their failure to raise that issue in the suit to quiet title, are not in conflict with what we have previously said in that regard. In the Benson case, *supra,* there was no subsequent judgment to bar the equitable action. Likewise, in the case of *Graffam* v. *Burgess,* 117 U.S. 180 [6 St.Ct. 686, 29 L.Ed. 829], upon which appellants chiefly rely, there was no question, as there is in the present action, of an intervening judgment relied upon as res judicata and as a bar to the independent equitable action. That fact clearly distinguishes those cases from the present suit. In the Graffam case the doctrine of estoppel or bar by a former judgment of court was not involved. The court therefore properly held, under the facts of that case, that the lapse of statutory time to redeem property sold on execution did not prevent the trial court from granting equitable relief. In that case the Supreme Court recites evidence definitely showing that the judgment creditor deliberately deceived and defrauded the judgment debtor by conduct and statements upon which she relied, which were intended to and did prevent her from redeeming

the property within the statutory time prescribed. The syllabus correctly states the ground upon which the Supreme Court affirmed the judgment rendered by the trial court. It says:

"Upon an examination of the entire case this court holds that there was a design on the part of the defendant to mislead the complainant and lull her into security, and thus to prevent her from redeeming the property, within the time prescribed by law; and sustains the decree of the court below allowing further time for redemption."

For the reason that the appellants are barred by the statute of limitations and by the former judgment in the suit to quiet title, from maintaining this equitable action to be relieved from their failure to redeem the property within the time prescribed by statute, and because the amended complaint fails to state a cause of action justifying such extraordinary relief, the judgment should be affirmed. It is so ordered.

Adams, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 10, 1948. Carter, J., did not participate.