[Civ. No. 18406. Second Dist., Div. One. May 8, 1951.]

ALFRED KOLIS, Appellant, v. GENEVIEVE KOLIS et al., Respondents.

Houston A. Snidow for Appellant.

David C. Marcus for Respondents.

HANSON, J. pro tem.—This is a motion to dismiss an appeal from a judgment denying a partition of real property, the appointment of a receiver and an accounting.

The record discloses that respondent Wladyslawa Lukaszewioz, the mother of respondent Genevieve Kolis, had obtained a judgment against Genevieve Kolis and her then husband Alfred Kolis upon which she caused execution to issue and at the execution sale on October 31, 1949, she bid in the property. On January 20, 1950, Alfred Kolis, who at that time was no longer the husband of Genevieve, instituted the action here involved. ██ On the trial of that action counsel for the defendants, who are here as respondents, contended that the action was not maintainable as the property had been sold on execution sale and hence Alfred and Genevieve Kolis were only equitable owners of the property and it was therefore not subject to partition. The court so ruled and dismissed the action. The ruling was palpably erroneous. (Code Civ. Proc., §§ 752, 752a.)

██ The motion to dismiss is based on the ground that the appeal is moot, sham, and frivolous and that there are no ''substantial questions involved for determination by this Appellate Court.'' These conclusions of the pleader are not otherwise detailed or defined by the motion, except for the statement that the appeal is moot because of the statements set forth in the affidavit. The affidavit merely discloses the fact that the execution creditor purchased the property on October 31, 1949, and received a sheriff's deed of the property thus purchased under date of November 14, 1950, and the fact that the property was not redeemed. In what manner the cause of action for an accounting and the appointment of a receiver has become moot is not disclosed by the motion. We do not search the record to ascertain the facts (*Bettencourt* v. *Bank of Italy etc. Assn.*, 216 Cal. 174 [13 P.2d 659]).

The motion to dismiss is denied.

White, P. J., and Drapeau, J., concurred.