[Civ. No. 18406. Second Dist., Div. One. Oct. 31, 1951.]

ALFRED KOLIS, Appellant, v. GENEVIEVE KOLIS et al., Respondents.

Houston A. Snidow for Appellant.

David C. Marcus for Respondents.

DRAPEAU, J.—When plaintiff and defendant were husband and wife they took title to real property as joint tenants. The purchase price was paid as follows: $5,500 by plaintiff, $5,000 by defendant, and $8,500 from a loan by a bank to plaintiff and defendant, secured by a trust deed upon the property.

When plaintiff and defendant were divorced the wife was given possession of the property. She agreed to apply the rents to the upkeep of the property, and to payments on the indebtedness.

Then the wife's mother sued both plaintiff and defendant for indebtedness claimed due to her from them. In that action judgment was rendered against both the former husband and wife. Upon execution the property was sold by the sheriff to the wife's mother.

Then plaintiff brought this action against his former wife and her mother—for an accounting, and for partition of the real property. The trial court found that neither plaintiff nor defendant had title to the property, but only an equity of redemption from the judgment sale; that such equity of redemption was not the subject of partition; and that defendant received no money or property for which she should account. The judgment was that plaintiff take nothing by his complaint, and that the mother-in-law take nothing by her cross-complaint to quiet title.

██ On this appeal, defendants assert that there is but one question to pass upon: "May the right of redemption from an execution sale be partitioned?"

Such, however, is not the case. It was the duty of the superior court to determine all of the issues presented. The court had jurisdiction to do complete justice amongst all of the parties. (*Buhrmeister* v. *Buhrmeister*, 10 Cal.App. 392 [102 P. 221]; *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599 [218 P.2d 144].) The court should have adjudged redemptioners' rights as against the mother-in-law. If 12 months had not elapsed from the date of the sheriff's deed (Code Civ. Proc., § 702), plaintiff had the right to redeem.

The court should have adjudged that if all the redemption money was furnished by plaintiff within 12 months from the date of the sheriff's deed, the property be sold, and, after paying the secured indebtedness, the balance remaining be divided between the two cotenants, with credit to plaintiff for advances, if any, for redemption by him of his former wife's interest.

The judgment is reversed, with directions to the superior court to take an accounting as between the former husband and wife; to permit plaintiff to redeem the property from the execution sale, if he can do so within 60 days from the coming down of the remittitur in this case; and if neither plaintiff nor his former wife redeem within that time, to quiet title to the property in the mother-in-law; and to make such further orders and decree as may be necessary under all the issues in the case, in conformity with the views hereinbefore expressed.

White, P. J., and Doran, J., concurred.