C. M. PACE, APPELLANT, *v.* RUDY
MALONEE, RESPONDENT.

No. 4611

October 7, 1963                385 P.2d 353

[Rehearing denied December 2, 1963]

*Foley Brothers* and *Ralph Denton,* of Las Vegas, for Appellant.

*Michael J. Wendell,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case is here on appeal from a judgment entered in a quiet title action. Malonee, a judgment debtor whose real property was sold under execution to Pace, the highest bidder (NRS 21.150), claimed that he had redeemed it in the manner and within the time required by statute. Pace defended below, asserting that Malonee had neither tendered nor paid the full amount required for redemption within one year after the execution sale (NRS 21.210), and that Malonee, therefore, had lost his statutory right of redemption. After trial the district court found for Malonee. It ordered that the sheriff's deed to Pace be set aside and that a certificate of redemption be granted Malonee upon payment of $3,808, the amount necessary for redemption. However, in doing so, it specifically found that $133.78 of the total sum needed to redeem was not delivered by Malonee to the sheriff until three days after the redemption period had run. Because of this fact the appellant Pace insists that the judgment was in error. We agree.

As a general rule a statutory redemption cannot be allowed after the expiration of the period permitted therefor by statute. Bunting v. Haskell, 152 Cal. 426, 93 P. 110; cf. Daly v. Lahontan Mines Co., 39 Nev. 14, 23, 151 P. 514, 516, 158 P. 285. However, in special circumstances, an independent action may permit redemption after the statutory period has run if equitable grounds exist to support the relief requested. Graffam v. Burgess, 117 U.S. 180, 6 S.Ct. 686, 29 L.Ed. 839 (where the court found a design to mislead the complainant and lull her into security and thus prevent her from redeeming within the time prescribed by law) ; Benson v. Bunting, 127 Cal. 532, 59 P. 991 (mutual mistake as to the time allowed for redemption) ; Smith v. Schuler-Knox Co., 85 Cal.App.2d 96, 192 P.2d 34 (where court redemption was denied because, inter alia, the mistake was not mutual). In such case the redemption is authorized by decree of court and does *not* find its support in the provisions of the statute, but in the decree, and is governed thereby. Bunting v. Haskell, supra.

In the present case Malonee, the plaintiff, made no claim by pleading or subsequent proof that his right to redeem during the statutory period was prevented by fraud, mistake, or any other circumstance calling for equitable intervention. To the contrary. His complaint alleged, in effect, that he had exercised his right of redemption in the manner and within the time required by statute. He offered evidence that the full amount of money needed for redemption had, in fact, been deposited with the sheriff before the one-year redemption period had run. This evidence, however, was disputed. A record of the sheriff's office indicated that $133.78 of the total sum needed for redemption was received three days late. The trial judge chose to accept the sheriff's record. There is nothing in the record tending to prove that Pace, by word or conduct, caused Malonee to sleep on his rights. They did not become acquainted until this law suit occurred. Thus the record

shows, first, that the lower court found that the statutory requirements for redemption had not been met and, second, that equitable grounds authorizing a redemption by court decree do not exist. In such circumstances the judgment entered was wrong.

In seeking to sustain the judgment Malonee directs our attention to Walsh v. Erwin, 9 Cir., 115 F. 531, where, under quite similar circumstances, a court redemption was permitted. There, as here, an error had occurred in computing the total amount needed to effectuate redemption. There, as here, the judgment debtor acted in good faith in paying the sum thus ascertained. But in Walsh v. Erwin the computation of the sum due was made by the sheriff with *the assistance of the attorney representing the purchaser at execution sale.* In our view that circumstance allowed equity to relieve the judgment debtor from the consequences of his innocent mistake, for the purchaser through his agent had, in effect, misled the judgment debtor into believing that payment of the computed amount would satisfy the statute. Such a circumstance is absent from the record in this case. Here the sheriff computed the amount due and notified Malonee's agent. That sum was paid forthwith. Later, during the same day, the sheriff notified the agent that the additional sum of $133.78 was required. That sum could have been paid before the statutory redemption period ran out. It was not. In these circumstances we do not believe that Walsh v. Erwin supports the respondent here.

Reversed.

BADT, C. J., and McNAMEE, J., concur.