[Civ. No. 10621.     Third Dist.     Oct. 31, 1963.]

JEWELL C. POWERS, Plaintiff and Appellant, v. ROSE M. POWERS et al., Defendants and Respondents.

Leander W. Pitman for Plaintiff and Appellant.

Lopez & Haines and Willis E. Haines for Defendants and Respondents.

FRIEDMAN, J.—Plaintiff, Jewell C. Powers, is the former husband of defendant Rose M. Powers. They owned two parcels of land in Shasta County as joint tenants. Mrs. Powers obtained a divorce but the decree made no disposition of the real estate. Mr. Powers became delinquent in his alimony payments. Mrs. Powers had an execution issued and levied on her former husband's interest in the two parcels. An execution sale took place on February 26, 1962. Mrs. Powers was the successful bidder. Her former husband then had a 12-month right of redemption. (Code Civ. Proc., § 702.) On April 9, 1962, during the 12-month redemption period, Mr. Powers filed the present action seeking either partition of the real estate or its sale and a distribution of proceeds. No tender or other effort to exercise the right of redemption was alleged. A demurrer was filed on behalf of Mrs. Powers urging that the complaint failed to state a cause of action for partition. The demurrer was sustained without leave to amend, judgment against plaintiff was entered, and he filed this appeal.

The demurrer was interposed and sustained below on the theory that plaintiff, as holder of a mere right of redemption, did not possess an adequate interest to maintain a partition action under Code of Civil Procedure section 752. That theory was debated in the briefs on appeal. The brief of defendant-respondent was filed in this court on February 15, 1963. The anniversary date of the execution sale occurred 11 days later. When this court turned its attention to the matter, it occurred to us that the 12-month redemption period had now expired and plaintiff now had even less interest in the property than when the demurrer was sustained. Both parties then acceded to our suggestion that they brief the additional problem posed by lapse of the 12-month statutory redemption period.

In this state partition of real property is a special statutory proceeding available only under circumstances authorized by Code of Civil Procedure section 752.* The action may be maintained only by a person having the interest described by statute. (*Ryer* v. *Fletcher Ryer Co.*, 126 Cal. 482, 483 [58 P. 908]; *Jacquemart* v. *Jacquemart*, 142 Cal.App.2d 794, 796 [299 P.2d 281]; *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599, 603 [218 P.2d 144].)

As a general rule, redemption is not permissible after expiration of the statutory period. (*Bunting* v. *Haskell*, 152 Cal. 426, 429 [93 P. 110]; 33 C.J.S., Executions, § 261, p. 544.) There is an exception when the judgment debtor shows fraud, mistake or other conditions appealing to equity; under those circumstances a court of equity will relieve him from failure to redeem within the statutory period. (*Webb* v. *Vercoe*, 201 Cal. 754, 765 [258 P. 1099, 54 A.L.R. 1200]; *Smith* v. *Schuler-Knox Co.*, 85 Cal.App.2d 96, 102-103 [192 P.2d 34].) Aside from the equitable exception, the institution and pendency of a lawsuit involving the property does not extend the right of redemption held by one of the

---

*Code of Civil Procedure, section 752: ''When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons, or, where property is subject to a life estate with remainder over, by the life tenant, or where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or by the holder of such lien, for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties.''

litigants. (See *Tilley* v. *Bonney*, 123 Cal. 118, 122-123 [55 P. 798]; *Sylvester* v. *Kirkpatrick*, 79 Cal.App.2d 443, 451 [180 P.2d 36].)

There is nothing in the record before us to indicate that plaintiff has at any time, during or after the 12-month redemption period, tendered any redemption money to defendant. Indeed, his supplemental brief, contending that the filing of this partition action automatically suspended the 12-month redemption period, leads us to infer that he has not. Although he claims benefit of the doctrine permitting equitable relief, his complaint shows nothing to justify the claim. He does not attack the execution sale; has not brought an equity action to redeem; and alleges no equitable facts justifying relief from his failure to redeem. Redemption costs money. The present record shows only that plaintiff has filed a partition suit instead of producing money.

Plaintiff relies on *Kolis* v. *Kolis*, 104 Cal.App.2d 86 [230 P.2d 641], 107 Cal.App.2d 209 [236 P.2d 838]. In that case the husband and wife owned property in joint tenancy. Following their divorce the wife's mother secured a judgment against them, levied on the property, and purchased it at the execution sale. The husband filed an action for partition and accounting against his former wife and her mother. The trial court held that the equity of redemption could not be partitioned and denied relief. The appellate court disagreed, holding not only that the equity of redemption could be partitioned between its two holders but that the lower court had jurisdiction to do complete justice among the parties and should have ordered a sale and division of proceeds on condition that the husband first redeem the property within 12 months of the execution sale. In reversing the judgment below, the appellate court ordered that plaintiff husband be permitted to redeem if he could do so within 60 days of the remittitur. The order of reversal was filed two years to the day after the execution sale. Its net effect was to permit redemption two years and several months after the sale.

*Kolis* v. *Kolis* may be explained only as an expression of the equitable exception to the general rule which restricts partition to the one-year period. This belief is supported by the decisions cited in support of the *Kolis* decision: *Bacon* v. *Wahrhaftig, supra*, 97 Cal.App.2d 599, and *Buhrmeister* v. *Buhrmeister*, 10 Cal.App. 392 [102 P. 221]. The latter two decisions voice the proposition that a partition action in California, although statutory, may be utilized to try all equita-

ble issues growing out of the parties' claims upon the property.

■ A purchaser at the execution sale acquires legal title. (*Allen* v. *McGee,* 54 Cal.App.2d 476, 483 [129 P.2d 143].)

■ Whatever may be the "legal" or "equitable" character of the interest left in the judgment debtor following the execution sale, section 700 of the Code of Civil Procedure declares that the purchaser has acquired *all* his interest. (See *Clark* v. *Cuin,* 46 Cal.2d 386, 392 [295 P.2d 401, 58 A.L.R.2d 460].) On the other hand, the holder of an equity of redemption retains an interest which is transferable and which may be the subject of a lien. (*Salsbery* v. *Ritter,* 48 Cal.2d 1, 9 [306 P.2d 897].) ■ An equitable interest is sufficient to support a partition action. (*Watson* v. *Sutro,* 86 Cal. 500, 528 [24 P. 172, 25 P. 64]; 37 Cal.Jur.2d, Partition, § 35, p. 451.) Thus, whether the trial court properly sustained the demurrer in this case is not clear.

■ The question which concerned the trial court is no longer of concern, since the one-year redemption period has now passed. What concerns us now is the denial of an opportunity to amend the complaint. Even if the complaint on file was vulnerable to demurrer, plaintiff might have had equitable circumstances available to him; if he did, relief could have been conditioned on redemption. (*Kolis* v. *Kolis, supra,* 104 Cal.App.2d 86, 107 Cal.App.2d 209.) Even now, after expiration of the statutory period, he may have available to him equitable facts justifying relief from his failure to redeem. (*Webb* v. *Vercoe, supra,* 201 Cal. 754.) ■ If, however, plaintiff is attempting to utilize the present action only as a means of avoiding production and tender of redemption money, then no equitable facts are available to him. ■ Whichever may be the case, the trial court should have allowed him an opportunity to amend.

■ The judgment is reversed with directions to permit plaintiff to amend his complaint if so advised. Since the availability of facts which will permit plaintiff to stay in court is not at all apparent at this time, it would not be in the interests of justice to award him costs on appeal. It seems more fair to require each party to bear his own costs of appeal, and it is so ordered.

Pierce, P. J., and Schottky, J., concurred.