MARTIN STEWART v. THE BOARD OF TRUSTEES OF PARK COLLEGE *et al.*

No. 13,470.   (75 Pac. 491.)

SYLLABUS BY THE COURT.

JUDICIAL SALE — *Redemption.*   The right to redeem and the mode of redemption of real estate after sale by the sheriff upon execution, special or general, or order of sale, are fixed by statute.   (Laws 1893, ch. 109; Gen. Stat. 1901, §§ 4927–4954.)

Error from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed February 6, 1904.   Affirmed.

*Carroll, Monahan & Warren*, for plaintiff in error.
*McFadden & Morris*, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J.:  On August 4, 1902, Martin Stewart filed his petition in the district court of Wyandotte county against Willard E. Winner and the Board of Trustees of Park College, an educational institution located in Platte county, Missouri.   No proceeding in error has been brought to this court from the judgment in favor of defendant Winner.   The averments of plaintiff's petition, in so far as it relates to the board of trustees and in so far as is necessary for a

30—68 KAN.

full understanding of the facts, were substantially as follows :

On the 28th day of February, 1896, plaintiff, being then the owner and in possession of certain real estate in the county of Wyandotte, executed and delivered to the Board of Trustees of Park College his note for the sum of $20,000, bearing interest at the rate of eight per cent. per annum, and to secure the payment of the note he gave a mortgage on said property. Upon default in payment of the note the trustees foreclosed the mortgage. The sheriff sold the premises to the board of trustees for the sum of $25,165. The sale was confirmed and a certificate issued to the purchaser on December 3, 1900.

In his petition plaintiff further averred that frequently before the expiration of the eighteen months from the date of sale he went to the place of business of the board of trustees, in Missouri, with a certified check for the full amount of the judgment and interest thereon, with a view and for the purpose of redeeming the premises from the foreclosure sale ; that before each effort made by him to redeem he notified the board of trustees of the fact that he would call and make such redemption, and that upon each occasion they failed to be present; that after said period of redemption had expired, and on the 6th day of June, 1902, the sheriff executed and delivered to the board of trustees a deed for the property, and the same was filed for record on the 7th day of June, 1902.

Plaintiff averred his readiness and willingness to pay into the court the full amount of principal, interest, costs and taxes due the college upon redemption at any time the court should order that it be done. Plaintiff asked for a decree of conveyance upon the payment of the legal amount due to the clerk of said court; that said clerk deliver to plaintiff a deed to

said premises, duly executed and acknowledged by said defendant corporation, on the payment of said money, and for such other and further relief in the premises as plaintiff, in justice and equity, should be found entitled to receive.

Each of the defendants filed a demurrer, and the court sustained them. Plaintiff elected to stand upon his petition as to the board of trustees, and brings the case to this court for review.

The only question in this case is whether the court committed error in sustaining the demurrer. We think not. The right to redeem and the mode of redemption of real estate, after sale by the sheriff upon execution, special or general, or order of sale, are fixed by statute. (Laws 1893, ch. 109; Gen. Stat. 1901, §§ 4927–4954.) Section 2 of said chapter 109 (Gen. Stat. 1901, § 4928) provides that the defendant owner may redeem at any time within eighteen months from the date of sale at the amount for which the premises sold, together with interest, costs, and taxes. Section 14 (Gen. Stat. 1901, § 4940) provides that the money to redeem shall be paid into the office of the clerk of the district court for the use of the person thereunto entitled, and the clerk shall give a receipt for the same, stating the purpose for which it is paid. Plaintiff in this case did not comply with the statutory provisions, and, in fact, made no effort to do so. We have carefully examined the averments of plaintiff's petition and find therein no grounds for equitable relief, as claimed. (*Rothwell v. Gettys*, 11 Humph. [Tenn.] 135; *Hyman et al. v. Bogue et al.*, 135 Ill. 9, 26 N. E. 40; *Ex parte The Bank of Monroe*, 7 Hill [N. Y.] 177, 42 Am. Dec. 61; *Griffin v. Coffey*, 50 Am. Dec. 519.)

The judgment of the court below is affirmed.

All the Justices concurring.