NENA H. QUINTON, *Appellant,* v. P. H. ADAMS, *Appellee.*

No. 17,611.

### SYLLABUS BY THE COURT.

EXECUTION—*Sale—Appeal—Extension of Time for Redemption.* After the sale of land on execution, motions to confirm and set aside were filed, the latter being granted and an appeal taken. When the order was reversed and the mandate to confirm was spread of record the eighteen months' redemption time had expired, and on motion of the defendant a little over two months' time was fixed for redemption. *Held,* that under section 500 of the civil code such order was within the power of the trial court and in accordance with justice and equity.

Appeal from Shawnee district court, division No. 1. Opinion filed May 11, 1912. Affirmed.

*Edwin A. Austin,* for the appellant.

*J. B. Larimer,* for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff levied on the defendant's farm and caused it to be sold for satisfaction of her judgment. Motions to confirm and set aside were made and the motion to set aside was granted. The plaintiff appealed, and the defendant upon the appeal claimed the land as a homestead. This court found that it was not a homestead and reversed the cause with directions to confirm the sale. (*Quinton v. Adams,* 83 Kan. 484, 112 Pac. 95.) The sale was made May 17, 1909, the order setting it aside was made July 10, 1909, the mandate of this court was filed January 9, 1911, and on the following day the plaintiff moved to have it spread of record and for judgment confirming the sale, directing a certificate in eighteen months. On January 21, 1911, the defendant filed a motion that the court fix a time in which a deed should be executed, setting up the dates of the previous order and appeal therefrom and reversal thereof, and that it was necessary that the court upon confirming the sale should order and decree when the holder of the certificate would be entitled to a deed. While these motions were under advisement the defendant, on February 2, 1911, moved to set aside the sale for insufficiency of the sheriff's notice, which was overruled February 11, 1911. On February 25, 1911, the court ordered the mandate spread of record, vacating the former order setting aside the sale, and ordering confirmation and that the sheriff execute to the purchaser a certificate providing that unless redemption be made on or before May 1, 1911, inclusive, a deed should be issued. On the same day the plaintiff served notice of appeal from the order extending the period of redemption, and subsequently thereto the defendant deposited with the clerk the full amount of redemption money, no part of which the plaintiff has accepted.

8—87 KAN.

The point involved is the validity of the order fixing a time for redemption, the plaintiff claiming that the court had no power to make such order as the eighteen months had already expired. It is claimed by the plaintiff that the right of redemption and the time fixed therefor are purely statutory and not within the equitable control of the court. On the other hand the defendant contends that there is no sale in reality until confirmation, and that on appeal from an order confirming or setting aside a judicial sale the time for redemption does not run, the whole matter being held in abeyance by virtue of the appeal, and that at any rate under circumstances like those involved here the court has full and complete power if it be held that the period for redemption had expired to give a reasonable time after actual confirmation to redeem.

Section 475 of the civil code provides that after sale of any real estate on execution, special execution or order of sale, if the same be subject to redemption the sheriff shall execute a certificate stating that unless redemption is made within eighteen months thereafter according to law the purchaser or his heirs or assigns will be entitled to a deed. Of course the sheriff can issue no sort of certificate until the sale is confirmed, and although section 476 speaks of redeeming at any time within eighteen months "from the day of sale," and section 477 speaks of the first twelve months "after such sale," and section 484 of fifteen months "from the day of sale," it is difficult to see how the time for redemption can begin, or at least its beginning can be known, until the sale has been confirmed. Volume 3 of the third edition of Freeman on Executions, § 316, states that the perfection of an appeal from an order confirming a sale together with the giving of a requisite bond extends the period of redemption until, by affirmance on appeal, such confirmation becomes operative. Here the sale was not confirmed and an appeal taken from the order, but the sale was set aside,

and from that order the appeal was taken and no confirmation ever took place in fact until made in obedience to the mandate of this court, February 25, 1911. Without deciding whether the appeal tolled the running of the time for redemption we find that the authorities seem abundant that even conceding that the time had expired the court had authority to give the defendant reasonable time to redeem, and it certainly can not be concluded that the time given in this instance was unreasonable.

Cyc. lays down the rule that where the period of redemption expires pending an appeal the time will be extended by the supreme court or a like period allowed after its decision except in cases where the statute declares that the appeal forfeits the right to redeem. (27 Cyc. 1817.) It would certainly seem a reproach to the law if a farm said to be worth $12,000 should be sacrificed for a judgment of about $800 for lack of power in the court to give a reasonable time to make the creditor apparently whole by paying his claim in full with all the costs. Section 500 of the civil code, applying to "all sales made under this act," provides that "the court, if it finds the proceedings regular and in conformity with law and equity, shall confirm the same." In *Bank v. Murray,* 84 Kan. 524, 114 Pac. 847, this section was considered and held to vest in the trial court substantially the discretion of a chancellor in a suit in equity. Instances are many in which courts have extended the period of redemption. In *Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188, this court ordered the time extended, and indeed we can see no reason why a court expressly vested with equitable powers should be called upon, not only to see that a creditor receives every cent that is due him, but also to permit the debtor to suffer a great and unnecessary sacrifice in addition to making such full satisfaction. The mere statement of the proposition appeals so strongly to plain justice and common fairness that con-

trolling authorities (which are not pointed out) would be necessary in order to justify or induce us to hold in opposition to the ruling of the trial court.

The ruling is therefore affirmed.