No. 20,422.

CHARLES A. LOOMIS, *Appellee*, v. THE NATIONAL SUPPLY
COMPANY OF KANSAS et al., *Appellants*.

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Attempt to Redeem—Mistake in Computing Interest—
Redemption Completed after Statutory Period.* Where land has been
sold at judicial sale, and an attempt in good faith is made to redeem
within proper time by payment of the required amount to the clerk,
who accepts a less sum than that due, by reason of computing interest
at six per cent instead of at the contract rate of seven per cent (he
and the redemptioner through a mistake as to the law supposing that
to be sufficient), the court has the power, in furtherance of justice, to
permit the redemption to be completed after the expiration of the
statutory period, by the payment of such additional sum as will bring
the total up to the amount of the purchase price with interest at seven
per cent, computed to the date of the final payment.

2. SAME— *Sheriff's Deed — Redemption — Notice to Subsequent Pur-
chasers.* Where within the period allowed by the statute for redemp-
tion an attempt to redeem is made and by reason of an error in com-
putation or in the rate of interest the clerk accepts a less sum than the
amount due, and the sheriff executes a deed notwithstanding such pay-
ment, a buyer from the grantee in such deed is charged by the clerk's
entry of such payment with notice of the redemptioner's rights.

Appeal from Miami district court; JABEZ O. RANKIN, judge.
Opinion filed December 9, 1916. Affirmed.

*W. N. Banks*, of Independence, and *Charles T. Meuser*, of
Paola, for the appellants.

*Charles A. Loomis*, of Kansas City, Mo., and *E. J. Sheldon*,
of Paola, for the appellee.

The opinion of the court was delivered by

MASON, J.: A real-estate mortgage was foreclosed and the
property was sold at sheriff's sale, on June 16, 1913, for $5800,
subject to redemption under the statute within eighteen
months. On December 11, 1914, the representative of the
holder of the right to redeem deposited with the clerk of the
court for the purpose of effecting redemption the sum of
$6302.66, in addition to the accrued costs. This deposit was
less than the required amount because the interest was com-
puted at six per cent instead of seven, which was the rate

named in the mortgage, and also because a mistake of several dollars was made in the computation on that basis. On December 30, 1914, a further sum of $100.64 was depcsited with the clerk in an effort to complete the required amount on the seven per cent basis. This additional deposit was made two weeks after the expiration of eighteen months from the day of sale, and was about $21 less than enough to make the total deposit equal to the principal and interest up to that time. On January 2, 1915, the sheriff executed a deed to the purchaser, the National Supply Company, and on January 15, 1915, an additional sheriff's deed was executed. On January 9, 1915, the supply company executed a warranty deed to the property to E. J. Lambert, who on February 12, 1915, conveyed a half interest to Charles R. Clapp, trustee. Later Charles A. Loomis acquired the interest of the former holder of the right of redemption and brought an action to cancel the sheriff's deeds and subsequent conveyances on the ground that an effort to redeem had been made in good faith within the time allowed by the statute, and that the circumstances were such that the failure to deposit the correct amount should not be deemed to have worked a forfeiture of the right. Judgment was rendered for the plaintiff, the court however requiring him to pay $25 additional to make up for the prior shortage. The defendants appeal.

1. In *Stewart v. Park College,* 68 Kan. 465, 75 Pac. 491, it was held that unsuccessful attempts to meet the holder of the certificate of sale, for the purpose of paying him the redemption money, did not amount to an effort to comply with the statute, and were not sufficient to prevent the loss of the right to redeem with the expiration of the eighteen months. While the mode of redemption is fixed by the statute, in exceptional cases the courts have relieved parties from strict compliance with the statutory rule, even to the extent of enlarging the time limit. (*Quinton v. Adams,* 87 Kan. 112, 123 Pac. 740.) Here the attempt to redeem was made by one of the receivers of the owner of the right of redemption. He asked the clerk of the court to let him know the amount required to redeem. The clerk indicated that he was in doubt whether the interest should be figured at six or seven per cent, but after consideration and inquiry said he understood it should be six per cent,

and made the computation on that basis stating the amount to the receiver, who paid it. The interest should have been figured at the contract rate of seven per cent. (*Clark v. Nichols,* 79 Kan. 612, 100 Pac. 626.) In behalf of the defendants it is argued that the mistake made was one of law, that the receiver had no right to rely upon the judgment of the clerk in the matter, and was therefore guilty of such negligence as to prevent a court of equity from relieving him from the consequences of his error. It is true that the receiver was not entitled to rely absolutely on the statement of the clerk, and might, in the exercise of a sufficient degree of diligence, have informed himself from the record of the exact amount required to redeem. But "the statute very properly provides for redemption by payment to the clerk of the court, who acts as an officer of the law and not as the agent of any party in interest" (*Hess v. Conway,* 92 Kan. 787, 793, 142 Pac. 253), and in applying to him for information as to the necessary amount, and in making payment thereof, the receiver gave abundant evidence of a purpose in good faith to do whatever the law required to effect a valid redemption. Conceding that the highest degree of diligence was not shown, and that the mistake made resulted from a misunderstanding of the statute, a court of equity might well in the interest of justice give relief against so severe a penalty as the forfeiture of all interest in the property; especially in view of the facts that the holder of the certificate of purchase suffered no possible injury beyond a slight delay in receiving the money, and that a readiness to make good the shortage was shown as soon as attention was called to the matter. The deficiency in the second payment, resulting from miscalculation, was upon the same grounds not a bar to an order allowing the redemption. It is suggested that the final payment of $25 was slightly less than it should have been, but this does not appear to have been brought to the attention of the trial court. We think the conclusions stated are sound on principle, because they are necessary to prevent a strict adherence to the naked letter of the statute being unnecessarily made the means of doing a serious injustice. They also find support in decisions elsewhere. In *Moore v. Bishop,* 20 Ky. Law Rep. 1622, 49 S. W. 957, a redemption was allowed upon the payment of $9 additional after the time limit had expired, the sum previously deposited with

the clerk having through some mistake lacked that much of the required amount. In *Wakefield v. Rotherham et al.,* 67 Iowa, 444, the redemptioner paid within due time the amount which the clerk told him was necessary, but which by the clerk's error in computation was $6 less than it should have been. He was allowed to complete the redemption after the expiration of the statutory period. There the county was the holder of the certificate of purchase, but that circumstance does not appear to have affected the decision, the grounds of which appear from this excerpt from the opinion:

"It is certainly true that plaintiff could redeem the land from the sale only by paying to the clerk the amount at which the county bought it in, with ten per cent interest thereon from the date of the sale to the date of the redemption; and it will be conceded that it was his business to determine what that amount was, and that the clerk was not charged with the duty of ascertaining or determining it, in the sense that his determination of it would be conclusive, of the rights of the parties. It does not follow, however, that plaintiff is not entitled to relief against the mistake which occurred in the computation of the amount. The payment was required to be made to the clerk, and he is the custodian of the record of the sale. This record would ordinarily have to be examined in determining the amount which must be paid to effect a redemption.

"Plaintiff went to the clerk's office for the purpose of ascertaining this amount and of paying it to the clerk. In accepting the statement of the clerk as to the amount he did simply what the majority of ordinarily prudent men would have done under like circumstances. He was guilty of no negligence in the matter. He paid the amount which he honestly believed was sufficient to make the redemption. His intention was to redeem the property, and he left the office believing that he had effected a redemption, and he knew nothing to the contrary until after the expiration of the year within which, by the provisions of the statute, the right to redeem might be exercised. The right of redemption is a valuable one, and although statutory, it is favored by the law, and to hold that it was defeated by a trival mistake like the one in question would be to ignore the spirit of the statute which created it. We think the district court rightly held that under the facts of the case the redemption might be completed after the expiration of the year allowed by statute." (p. 447.)

That decision has the greater force from the fact that it was rendered before the enactment of the Kansas redemption law, which was modeled upon that of Iowa. The following cases, although not directly in point, have some tendency in the same direction: *Kofoed v. Gordon,* 122 Cal. 314; *Stephenson v. Kilpatrick,* 166 Mo. 262; *Kopper v. Dyer,* 59 Vt. 477.

2. The contention is made that Lambert is protected as

an innocent purchaser of the land. If a complete redemption had been effected by a deposit of the proper sum with the clerk, the sheriff could not, by making a deed to the purchaser, vest him with the power of conveying a good title to a third person. A subsequent grantee would be charged with notice of the redemption. Here a redemption had been attempted, but not fully carried out. It was partial and incomplete, but it was treated by the clerk as effective, and his record showed what had been done, and was sufficient to charge buyers of the land with the claims of the redemptioner.

The judgment is affirmed.