No. 23,141.

H. W. MEYER (et al.), *Appellee,* v. FRED HURST, *Appellee,* et al. (J. N. ALEXANDER, *Appellant*).

### SYLLABUS BY THE COURT.

JUDICIAL SALE—*Extension of Time for Redemption.* A second mortgagee relying on what an attorney casually told him and on what the plaintiff's attorney said to the effect that he had eighteen months from the date of the sale in which to redeem, did not learn to the contrary until about a month before the expiration of such eighteen months when he tendered a sum sufficient to make the purchaser entirely whole, and was granted permission to redeem. *Held,* that although he acted in good faith and with reasonable promptness, the court erred in thus permitting redemption out of time.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed April 9, 1921. Reversed.

*Will N. Bendure,* of Cimarron, for the appellant.

*William Easton Hutchison,* and *C. R. Hope,* both of Garden City, for appellee Hurst.

The opinion of the court was delivered by

WEST, J.: This is an appeal from an order extending to a junior creditor the time for redemption from fifteen months to eighteen months.

In May, 1912, Fred Hurst was the owner of the quarter section of land involved and gave a mortgage to Meyer and Meyer

for $900.  Thereafter he sold the quarter to his son, B. C. Hurst, and took a mortgage for $2,000 as part of the purchase price.  Afterwards, B. C. Hurst sold to J. N. Alexander, and on the 20th day of July, 1918, Meyer and Meyer began foreclosure proceedings, personal service being had on all the defendants.  In September, 1918, judgment was rendered for the plaintiffs and on the 28th day of January, 1919, the land was sold to H. W. Meyer for $1,571.09.  During the pendency of the action B. C. Hurst claims on behalf of his father, Fred Hurst, that he was told by certain attorneys including the attorney for the plaintiff that he had eighteen months in which to redeem, and did not learn to the contrary until about four weeks before the expiration of the eighteen months, when Fred Hurst made application for an extension of time.  Notice was served on all parties interested, and upon hearing, the judge at chambers made an order extending the time to July 29, 1920, and redemption was made by paying to the clerk $1,764.84.  J. N. Alexander, the fee owner, appeals from this order.

The testimony indicates that Hurst acted in good faith and was simply mistaken as to the time allowed him by the statute to redeem, and was misled by what the attorneys told him.  It is claimed that the order of extension was erroneous and beyond the jurisdiction of the court for the reason that the statutory period cannot be extended or enlarged except by the legislature, and authorities are cited in support of this contention.  The statute provides that after the expiration of fifteen months from the day of sale, the creditors can no longer redeem from each other, but the defendant owner may still redeem at any time before the end of the eighteen months. (Gen. Stat. 1915, § 7388.)

The defendant, Hurst, urges that as he acted in good faith and was misled and mistaken in a matter of law the court rightfully exercised its equitable power to grant him the relief sought.

The statute taken literally affords no remedy, and it remains to be determined whether or not its literal significance is to be followed.  In two instances this court has substantially held that the letter of the statute must be followed.  *Stewart v. Park College,* 68 Kan. 465, 75 Pac. 491, presented this situation:  The plaintiff alleged that frequently before the expira-

tion of the eighteen months he went to the place of business of the board of trustees of the mortgage holder to redeem, notifying them beforehand that he was coming to make such redemption, but failed to find them; that after the redemption period had expired the sheriff executed and delivered to them a deed to the property and the plaintiff prayed to be allowed to pay into court the full amount with interest, costs and taxes due and that a conveyance be granted upon such payment. The court said:

"The right to redeem and the mode of redemption of real estate, after sale by the sheriff upon execution, special or general, or order of sale, are fixed by statute. . . . Plaintiff in this case did not comply with the statutory provisions and, in fact, made no effort to do so. We have carefully examined the averments of plaintiff's petition and find therein no grounds for equitable relief, as claimed." (p. 467.)

In *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628, four months after the sale, a judgment was rendered in favor of the second mortgagee. Eleven months after the sale the owner of the fee made redemption. Two months later the second mortgagee tried to redeem and his effort was held ineffectual. In the opinion the court said:

"Under exceptional circumstances, upon equitable considerations the right of redemption has sometimes been extended somewhat beyond the bare letter of the statute. We do not regard the situation here presented as of such a character as to justify judicial interference with the ordinary operation of the law." (p. 121.)

In several cases involving quite different circumstances extensions of time have been approved. (*Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188; *Quinton v. Adams,* 87 Kan. 112, 123 Pac. 740; *Piatt v. Flaherty,* 96 Kan. 42, 149 Pac. 734; *Loomis v. Supply Co.,* 99 Kan. 279, 161 Pac. 627, citing *Wakefield v. Rotherham et al.,* 67 Iowa, 444; *Norris v. Evans,* 102 Kan. 583, 171 Pac. 606; *Thresher Co. v. Judd,* 104 Kan. 757, 180 Pac. 763.)

But the statute is not merely directory. It specifies the time within which redemption may be made, and, save in cases of clear grounds for equitable interference, its terms must be followed. The situation arising here is not one which within the spirit of the foregoing authorities calls for such interference.

"As courts do not favor forfeitures, but do favor redemptions, they will accord time to parties to effect a redemption where there is some substantial reason for such indulgence and where its refusal would work

hardship or injustice, but not where the grounds alleged are merely frivolous or technical or where greater injury would be done to the mortgagee." (27 Cyc. 1817.)

"The right must also be exercised within the time allowed by the statute, or it will be lost; and the court usually has no authority to extend the time, even where the owner has been prevented from redeeming by physical or mental disability, minority, ignorance of the facts, or the like." (16 R. C. L. 141.)

The old, old maxim that the law favors the vigilant and not the somnolent still holds good. A homespun version is the other saying that the Lord helps him who helps himself. It all means that he who is vigilant in business is more likely to prosper than he who gets up too late in the morning. One who has a mortgage to look after cannot with impunity depend on hearsay or legal guesses to find out when to redeem from a foreclosure sale. Reasonable care dictates that he act with that liveliness which recognizes that the purchaser who has invested his money has rights to be respected, for here as elsewhere *bona fide* investors are ordinarily entitled to the benefit of their bargains.

The judgment is reversed and the cause remanded with directions to set aside the redemption complained of.

---

### OPINION ON REHEARING.
(Filed November 12, 1921.)

In his supplemental brief on rehearing the defendant, Hurst, again insists that the trial court rightfully extended the time for the junior lienholder to redeem from sheriff's sale, and suggests that had the order not been made he would have lost the $2,000 mortgage and Alexander would have been absolved from paying that sum. However, after a careful reconsideration of the matter the court feels impelled to adhere to the judgment of reversal. The statement in the former opinion of the result reached expresses our present views:

"But the statute is not merely directory. It specifies the time within which redemption may be made, and, save in cases of clear grounds for equitable interference, its terms must be followed." (*Ante,* p. 732.)

The former opinion is therefore adhered to.