(706 P.2d 470)

No. 57,468

FRANK DINKEL, *Claimant/Appellee*, v. GRAVES TRUCK LINE, INC., *Respondent/Appellant*.

Opinion filed September 19, 1985.

*Terry Malone* and *B. G. Larson*, of Williams, Larson, Strobel, Estes & Malone, P.A., of Dodge City, for the appellant.

*Don Vsetecka*, of Garden City, for the appellee.

Before ABBOTT, P.J., SWINEHART and BRISCOE, JJ.:

ABBOTT, J.: This is an appeal in a workers' compensation case from an order changing the treating physicians from a medical doctor to two chiropractic doctors, and ordering the employer to pay mileage and per diem in connection with the authorized medical treatment by the primary treating doctor located in Mt. Horeb, Wisconsin.

We raise the question of jurisdiction on our own motion. *City of Overland Park v. Barron*, 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983). When the district court lacks jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *In re Lakeview Gardens, Inc.*, 227 Kan. 161, 173, 605 P.2d 576 (1980).

The jurisdictional issue arises as follows: The claimant, Frank Dinkel, sustained a back injury while employed by Graves Truck Lines. The administrative law judge made an award that included permanent partial disability compensation, and also ordered "that claimant is entitled to future medical care from Dr. Reschly until further order of this Judge or the Director."

On appeal, the district court judge adopted the administrative law judge's award nearly verbatim, including the above provision for future medical care. Some five and a half months later, claimant filed a motion to modify the journal entry by substituting Dr. W. Alex Cox of the Gonstead Clinic of Chiropractic in Mt. Horeb, Wisconsin, and Dr. D. F. Rupp of Rupp Chiropractic Center in Garden City, Kansas, as the treating physicians, instead of Dr. Reschly. In the written reply, respondent maintained that the motion should be filed with the director or administrative law judge pursuant to K.S.A. 44-528 and K.A.R. 51-19-1. The district court heard claimant's testimony, sustained his motion for modification of treating physicians, and ordered respondent to pay claimant's treatment costs, necessary mileage, per diem and attorney fees. Respondent timely appeals.

The Workmen's Compensation Act is complete and exclusive within itself and provides procedures on each phase of a claimant's right to compensation. *Hunter v. General Motors Corporation*, 202 Kan. 166, 172, 446 P.2d 838 (1968); *Walker v. Davis Van & Storage Co.*, 198 Kan. 452, 455, 424 P.2d 473 (1967); *Bahr v. Iowa Beef Processors, Inc.*, 8 Kan. App. 2d 627, 632, 663 P.2d 1144, *rev. denied* 233 Kan. 1091 (1983). A district court's jurisdiction is set forth in K.S.A. 1984 Supp. 44-556(b) as follows: "On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require." Any party to the proceedings may appeal from a director's decision to the district court where the cause of action arose. K.S.A. 1984 Supp. 44-556(a).

A trial judge now has authority to enforce its judgment as well as to modify it as authorized by law. In *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, Syl. ¶ 1, 697 P.2d 1300 (1985), the Supreme Court stated:

"In view of the 1979 amendment to K.S.A. 44-556(c), the procedural provisions of the Kansas Code of Civil Procedure pertaining to entry of judgment, post-judgment motions, and appeals are applicable to workers' compensation appeals

pending in the district court to the same extent as they are applied in other types of civil cases."

Here, however, the judgment was final, and as we read the Workmen's Compensation Act, the legislature intended to give, and did give, exclusive jurisdiction to the workers' compensation director to authorize a change of treating physician under the facts before us here.

K.S.A. 44-510 states in pertinent part:

"(a) It shall be the duty of the employer to provide the services of a physician, and such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, ambulance, crutches, and apparatus, and transportation to and from the home of the injured employee to a place outside the community in which such employee resides, and within such community if the director in the·director's discretion so orders, as may be reasonably necessary to cure and relieve the employee from the effects of the injury. All fees, transportation costs and charges under this section shall be subject to regulations by the director and shall be limited to such as are fair and reasonable. *The director shall have jurisdiction to hear and determine all disputes as to such charges and interest due thereon.*

. . . .

"(c) If the services of the physician furnished as above provided are not satisfactory to the injured employee, *the director may authorize the appointment of some other physician* subject to the limitations set forth in this section and the regulations adopted by the director." (Emphasis supplied.)

Here, the trial court was not exercising appellate jurisdiction over a director's decision when it heard and sustained the motion to change physicians. The judgment on the appeal was final and the motion to change physicians had no relationship to the issues on appeal. Nor does it come within any of the statutory provisions that allow a trial court to modify a final judgment. The motion is simply one to change treating physicians, which is a new issue the legislature intended to be heard first by the workers' compensation director. The attempt to retain jurisdiction (if it was an attempt as opposed to a clerical act of simply retyping the administrative law judge's order) for modification of future medical care in the journal entry is inconsistent with the exclusive provisions of the Workmen's Compensation Act and thus ineffective. We thus hold the trial court lacked jurisdiction to consider the motion to change treating physicians, and the order doing so is vacated and remanded with directions to enter an order dismissing the motion for lack of jurisdiction.

Vacated and remanded with directions.