(770 P.2d 481)

No. 62,549

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BELOIT, Beloit, Kansas, *Appellant,* v. ELDON J. TREASTER, BETTY J. TREASTER, and TREASTER FARMS, INC., *Appellees.*

Opinion filed February 24, 1989.

*Daniel K. Diederich,* of Kennedy, Berkley, Yarnevich & Williamson, Chartered, of Salina, for appellant.

*Don W. Noah,* of Noah & Harrison, P.A., of Beloit, for appellee.

Before RULON, P.J., BRISCOE and BRAZIL, JJ.

BRAZIL, J.: Federal Savings and Loan Insurance Corporation (FSLIC) appeals from a district court order extending the six-month statutory redemption period on mortgage foreclosures by 60 days.

Eldon and Betty Treaster renewed a note for $244,338.61 from First Federal Savings and Loan Association of Beloit, Kansas (First Federal). The note was secured by a mortgage on two tracts of land. The note was further secured by two security agreements which gave First Federal collateral in the two pieces of property. The Treasters defaulted under the terms of the

renewal note. First Federal filed a petition to foreclose the mortgage. Before the petition was heard by the district court, FSLIC was substituted for First Federal as the party plaintiff.

The district judge found that the Treasters defaulted on the terms of the renewal note, that FSLIC was entitled to a judgment in the sum of $244,338.61 plus interest, and that FSLIC's mortgage was a first and prior lien on the property. The Treasters were given ten days to satisfy the judgment; thereafter, an order of sale was issued on the two tracts of land which secured the renewal note. The district judge fixed the period of redemption of the property at six months. A sheriff's sale was held on November 18, 1987, and FSLIC bought the two tracts of property. The district judge entered an order confirming the sheriff's sale. On May 18, 1988, the Treasters filed a motion for an extension of the redemption period. The motion was granted on June 6, 1988. The judge ordered the redemption period for Tract I and Tract II extended for 60 days from May 18, 1988. The judge found that the Treasters had paid the district court clerk $133,211.12 and ordered that Tract II was redeemed. The Treasters failed to redeem Tract I. FSLIC filed a motion to vacate, which was denied on June 28, 1988. FSLIC filed a notice of appeal on June 29, 1988.

This court raised the question of jurisdiction by issuing an order to show cause as to why the appeal is not interlocutory in nature because an order extending a redemption period necessitates further proceedings below.

Additionally, the Treasters contend that they did not receive notice of the court's order confirming the sale, that the order is therefore void as a violation of due process, and that the redemption period will continue to run until the sale is properly confirmed. We affirm.

1. Is this appeal interlocutory in nature?

This court has the duty to raise the question of jurisdiction on its own motion. *Dinkel v. Graves Truck Line, Inc.*, 10 Kan. App. 2d 604, Syl. ¶ 1, 706 P.2d 470 (1985). Jurisdiction to hear this appeal exists "only if the appeal is taken within the time limitations and in the manner prescribed by applicable statutes." *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 437, 721 P.2d 278 (1986). K.S.A. 1988 Supp. 60-2102(a)(4) provides for appellate jurisdiction to hear appeals from final decisions. A final decision

under 60-2102(a)(4) "is one which determines all the issues in the case and not just part of the issues." *Henderson v. Hassur*, 1 Kan. App. 2d 103, Syl. ¶ 2, 562 P.2d 108 (1977).

In *Stauth v. Brown*, 241 Kan. 1, 734 P.2d 1063 (1987), the court dealt with the issue of whether an order of judgment in a foreclosure action is a final appealable order. The court stated: "A judgment of foreclosure is a final judgment for purposes of appeal if it determines the rights of the parties, the amounts to be paid, and the priority of the claims." 241 Kan. 1, Syl. ¶ 1. When the issue is whether foreclosure is proper, the appeal must be from the foreclosure judgment. In this case, FSLIC is appealing the extension of the redemption period. The order extending the redemption period and denying FSLIC's motion to vacate are post-judgment orders.

In *Anspacher & Assocs., Inc. v. Leslie*, 5 Kan. App. 2d 348, 616 P.2d 297 (1980), this court reviewed the issue of whether the redemption period was properly extended by the trial court. Procedurally, the district judge made an order extending the redemption period and confirming the redemption of the property. The order directed the sheriff to execute and convey a sheriff's deed to the redeeming party. The opposing side filed a motion to alter or amend the judgment. This motion was denied and the notice of appeal filed.

In *First Federal Savings & Loan Ass'n v. McKain*, 5 Kan. App. 2d 387, 617 P.2d 583 (1980), an appeal was taken from an order finding that the property had been properly redeemed and that the redemption period had been extended to include the date of the last payment.

We note that in the Illinois case of *Mutual Life Ins. Co. of New York v. Chambers*, 88 Ill. App. 3d 952, 410 N.E.2d 962 (1980), an appeal was taken from an order extending the redemption period.

The cases cited indicate that there is authority for regarding the order extending the redemption period as a final appealable order.

The order to show cause indicates that this court was concerned that an extension of the redemption period necessarily mandates further proceedings in the trial court. K.S.A. 60-2414 governs the redemption process. K.S.A. 60-2414(i) states that, upon redemption of the property, the clerk of the district court

should issue a receipt and enter a notation that the property is redeemed. If the property is not redeemed within the time period, 60-2414(m) instructs the sheriff to execute a deed to the current owner of the certificate of purchase. K.S.A. 60-2414 does not contemplate further court orders after the redemption period. Additional motions may be filed by the parties, but 60-2414 does not mandate further court action. Likewise, based on K.S.A. 60-2414, an extension of the redemption period does not mandate further proceedings by the district judge. The logical time for the appeal period to begin running is the date the journal entry extending the redemption period is filed.

We conclude that the order extending the redemption period is a final appealable order.

2. Order of Confirmation.

The Treasters argue that they did not receive notice of the district court's order confirming the sale. They contend that the lack of notice violated their due process rights, thereby making the order void. They conclude that if the order is void, the period of redemption has not expired and will continue to run until the sheriff's sale is properly confirmed. We disagree.

The Treasters stated in their motion for extension of the redemption period that the redemption period would expire on May 18, 1988. By filing this motion, the Treasters were treating the judge's confirmation of sale as final. In *Arrowhead Constr. Co. v. Essex Corp.*, 233 Kan. 241, Syl. ¶ 5, 662 P.2d 1195 (1983), the court said "[a] party to litigation who acquiesces in the judgment of the trial court by accepting the benefits thereof will be deemed to have acquiesced therein and may not adopt an inconsistent position on appeal from the judgment." The Treasters accepted the trial court's finding that the redemption period would expire on May 18, 1988, and the court's extension of the redemption period. They benefited by redeeming one tract of land during the extended period. Accordingly, we find the Treasters are estopped from now arguing the redemption period has not run because the order confirming the sale is void.

3. Order extending the redemption period.

The district judge ordered the period of redemption of six months from the date of sale pursuant to K.S.A. 60-2414. The sale was held on November 18, 1987. On May 18, 1988, the Treasters

filed a motion for extension of the redemption period to July 1, 1988, stating they were in the final stages of arranging sufficient financing to redeem. The trial judge ordered the redemption period extended for a period of 60 days from May 18 and further ordered that Tract II was redeemed upon proper payment to the clerk. Whether the trial court properly extended the redemption period is a question of law over which this court has unlimited review. *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Tr. Co.*, 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986).

In *First Federal Savings & Loan Ass'n v. McKain*, 5 Kan. App. 2d at 389, the court stated: "The power of a court to extend the period of redemption, upon a showing of equitable grounds and in the exercise of judicial discretion, has long been recognized in this state." In *McKain*, the redeeming party paid the total sum she believed was owed before the redemption period ended. Three days before the redemption period expired, the holder of the certificate of purchase filed a voucher indicating that the redeemer owed an additional $290.30. The trial court extended the redemption period to allow the redeemer to pay the additional amount owed. This court upheld the extension of the redemption period relying on previous Kansas decisions which allowed an extension of the redemption period when a good faith effort to redeem was made before the period expired.

In *Loomis v. Supply Co.*, 99 Kan. 279, 161 Pac. 627 (1916), the redeemer relied on the clerk and mistakenly paid interest at six percent instead of seven percent to redeem the property. The court extended the redemption period to allow the redeemer to pay the extra amount due and redeem the property. The court stated:

"Conceding that the highest degree of diligence was not shown, and that the mistake made resulted from a misunderstanding of the statute, a court of equity might well in the interest of justice give relief against so severe a penalty as the forfeiture of all interest in the property; especially in view of the facts that the holder of the certificate of purchase suffered no possible injury beyond a slight delay in receiving the money, and that a readiness to make good the shortage was shown as soon as attention was called to the matter." 99 Kan. at 281.

In *Thresher Co. v. Judd*, 104 Kan. 757, 180 Pac. 763 (1919), the court upheld an extension of the redemption period when the amount the redeemer paid the clerk within the period was deficient by $8.46. The court determined that the redeemer had made a good faith effort to redeem but had miscalculated. 104

Kan. at 760. The court stated that if a redeemer attempted in good faith "to do whatever the law required to effect a valid redemption, notwithstanding the highest degree of diligence was not shown, a court of equity in the interest of justice might give relief against so severe a penalty as the forfeiture of all interest in the property." 104 Kan. at 762.

In *Quinton v. Adams*, 87 Kan. 112, 123 Pac. 740 (1912), the court held that the period of redemption could properly be extended when the period expired while an appeal of the case was pending. Similarly, in *Piatt v. Flaherty*, 96 Kan. 42, 149 Pac. 734 (1915), the court allowed an extension of the redemption period when litigation regarding the sale of the property extended beyond the close of the redemption period.

In contrast, in *Meyer v. Hurst*, 109 Kan. 730, 201 Pac. 859 (1921), the court refused to allow an extension of the redemption period when the redeemer relied on opposing counsel who misinformed him of the proper redemption period. In *Meyer*, the redeemer paid nothing before the statutory time to redeem expired. In *First Federal Savings & Loan Ass'n v. McKain*, this court found that *Meyer* was distinguishable from other Kansas cases extending the redemption period because in the other cases a good faith effort to redeem was made before the redemption period expired. 5 Kan. App. 2d at 391.

Although *McKain* is the only recent Kansas case on point we have located, several other states have dealt with similar issues. In the Illinois case of *Mutual Life Ins. Co. of New York v. Chambers*, 88 Ill. App. 3d 952, the court addressed the issue of extending the period of redemption when no partial attempt to redeem occurred. In *Chambers*, the redemption period ended on June 20, 1979. On June 15, 1979, the redeemer filed a motion requesting that the period be extended. The redeemer complained of lack of notice of the foreclosure and inadequate consideration. The circuit court ordered the redemption period extended to July 31, 1979. The property was properly redeemed on July 24, 1979.

The Illinois appellate court upheld the extension of the redemption period. The court stated that redemption is to be "looked upon with favor, and unless injury is to result to the purchaser at a sale, a liberal construction will be given to the redemption laws." 88 Ill. App. 3d at 955. The court emphasized

that a purchaser at a mortgage foreclosure sale buys the property subject to the mortgagor's redemption right and that the title of the land remains with the mortgagor until the redemption period expires. The purchaser is entitled to the redemption money if tendered, and not the deed to the land. The court held that the mortgage purchaser was not vested with title to the property at the time the trial court extended the redemption period and that the mortgage purchaser assumed the risk that the property would be redeemed. The appellate court found that the mortgage purchaser was not injured by the trial court's extension of the redemption period and upheld the extension. 88 Ill. App. 3d at 956.

In *Plaza Nat. Bank v. Valdez*, 106 N.M. 464, 745 P.2d 372 (1987), the New Mexico court upheld a trial court's extension of the redemption period when the redeemers filed a motion for extension during the redemption period but did not tender payment before the period expired. The motion was requested because the mortgage holder bank paid over $27,000 to obtain a release of the mortgage. To redeem, repayment of this amount was required. The redeemers argued that the bank placed upon them an unconscionable repayment burden.

The court found that the redeemers were ready, willing, and able to pay the amount they thought was owed but that they were unable to obtain financing to pay the additional amount imposed. The court ruled that wrongful conduct by the bank was required before an extension could be granted and determined that the bank had acted unconscionably by paying the note before it was due, thereby increasing the amount required to redeem shortly before the redemption period ended. The court affirmed the lower court's extension of the redemption period.

In conclusion, it is clear that the district court is granted wide discretion to extend the redemption period. The Kansas courts have not specifically allowed a district court to extend the redemption period when no partial payment has been made before the end of the period. However, recent decisions in other states indicate that a court may extend the redemption period on equitable grounds if the motion to extend is filed before the expiration of the redemption period.

In this case, the district court indicated that the motion to extend was granted because the Treasters were very close to

obtaining financing to redeem. The judge found that the Treasters were making a constant effort to obtain a loan and in fact had their money in hand on June 6, 1988 (approximately three weeks after the redemption period ended). The judge further noted that there would be no loss to FSLIC. We conclude that the trial judge did not abuse his discretion.

Affirmed.