No. 79,422

BOARD OF SEDGWICK COUNTY COMMISSIONERS, *Appellant,* v.
ACTION RENT TO OWN, INC., *Appellee.*
(969 P.2d 844)

Opinion filed December 11, 1998.

*Clarence D. Holeman,* assistant county counselor, argued the cause and was on the brief for appellant.

*Robert J. O'Connor,* of Morrison & Hecker L.L.P., of Wichita, argued the cause, and *Matthew D. Flesher,* of the same firm, was with him on the briefs for appellee.

*Keyta D. Kelly,* Leavenworth county counselor at large, was on the brief for *amicus curiae* Board of Leavenworth County Commissioners.

*Thomas R. Docking* and *James D. Young,* of Morris, Laing, Evans, Brock & Kennedy, Chtd., of Wichita, were on the brief for *amicus curiae* Board of County Commissioners of Harvey County.

The opinion of the court was delivered by

LOCKETT, J.: A county appeals the district court's affirmance of an administrative board's order granting an ad valorem tax exemption to a rent-to-own store's inventory of rental furniture under K.S.A. 79-201m. The county claims (1) the administrative board and the district court had no jurisdiction to consider the constitutional tax exemption request under K.S.A. 79-213, and (2) K.S.A. 79-201m does not exempt merchandise under rent-to-own contracts from ad valorem tax.

On April 10, 1995, Action Rent to Own, Inc. (Action), filed an application for the merchants' inventory tax exemption, pursuant to K.S.A. 1994 Supp. 79-213. The Sedgwick County Appraiser (Sedgwick County) opposed the exemption. Pursuant to the statute, the case was docketed with the State Board of Tax Appeals (BOTA) for an exemption determination. BOTA heard the exemption request on March 13, 1996. On March 28, 1996, BOTA filed an order granting the merchants' inventory exemption to Action. BOTA denied reconsideration of the matter on April 25, 1996.

Sedgwick County petitioned the district court for judicial review. The district court affirmed the BOTA decision on May 23, 1997. Sedgwick County appealed to the Kansas Court of Appeals on June 18, 1997. The Board of County Commissioners of Harvey County and the Board of Leavenworth County Commissioners filed *amici curiae* briefs. The matter was transferred from the Court of Appeals to the Supreme Court pursuant to K.S.A. 20-3018(c).

## JURISDICTION

Action, which claimed its rent-to-own inventory was exempt under article 11, section 1(b) of the Kansas Constitution, filed for a merchants' inventory tax exemption pursuant to K.S.A. 1994 Supp. 79-213. The statute provides:

"(a) Any property owner requesting an exemption from the payment of ad valorem property taxes assessed, or to be assessed, against their property shall be required to file an initial request for exemption, on forms approved by the board of tax appeals and provided by the county appraiser.

. . . .

"(l) The provisions of this section shall not apply to . . . (6) merchants' and manufacturers' inventories exempted from ad valorem taxation by K.S.A. 79-201m and amendments thereto."

BOTA and the district court determined the rent-to-own company's inventory was exempt under K.S.A. 1994 Supp. 79-201m. Sedgwick County appealed, claiming BOTA was without subject matter jurisdiction to consider Action's request for the merchants' inventory exemption because Action filed its initial tax exemption request pursuant to K.S.A. 1994 Supp. 79-213, which is expressly inapplicable to the merchants' inventory exemption. Sedgwick County asserts that K.S.A. 1994 Supp. 79-2005 states the procedure for a merchant to claim its inventory is exempt. Therefore, Sedgwick County contends, because Action failed to properly exhaust the administrative remedy by paying the tax under protest and filing for a refund, BOTA and the district court lacked jurisdiction to determine if the property was exempt.

Action asserts that its application for tax exemption pursuant to K.S.A. 1994 Supp. 79-213 was appropriate. Action contends that where the taxpayer anticipates a challenge to the exemption by the

county, the exemption application procedure set out in 79-213 is available to any taxpayer to obtain an initial exemption determination from BOTA. Action argues subsection (1) of the statute obviates the requirement of filing for an initial request for exemption where the taxpayer holds constitutionally exempt property.

A party challenging an administrative order must exhaust all administrative remedies before seeking judicial review of the agency action. Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which our review is plenary or unlimited. See *Nora H. Ringler Revocable Family Trust v. Meyer Land and Cattle Co.*, 25 Kan. App. 2d 122, Syl. ¶ 6, 958 P.2d 1162 (1998). Where the district court lacks jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *Dinkel v. Graves Truck Line, Inc.*, 10 Kan. App. 2d 604, 604, 706 P.2d 470 (1985).

The tax exemption for merchants' inventory is a constitutional exemption provided in article 11, section 1(b) of the Kansas Constitution:

"All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, farm machinery and equipment, *merchants' and manufacturers' inventories*, other than public utility inventories included in subclass (3) of class 2, livestock, and all household goods and personal effects not used for the production of income, shall be exempted from property taxation." (Emphasis added.)

Did Action select an appropriate administrative procedure, *i.e.*, K.S.A. 1994 Supp. 79-213, to claim a constitutional exemption for merchants' inventory before BOTA. The question requires an interpretation of K.S.A. 1994 Supp. 79-213 and K.S.A. 1994 Supp. 79-2005. Interpretation of a statute is a question of law, and this court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

To date, the tax exemption cases in Kansas concerning administrative remedies largely focus on the requirement of exhaustion of administrative remedies prior to filing a case in district court. See, *e.g.*, *Dillon Stores v. Board of Sedgwick County Comm'rs*, 259 Kan. 295, 912 P.2d 170 (1996); *Boeing Co. v. Oaklawn Improvement Dist.*, 255 Kan. 848, 877 P.2d 967 (1994); *J. Enterprises, Inc.*

*v. Board of Harvey County Comm'rs*, 253 Kan. 552, 857 P.2d 666 (1993); *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. 960, 666 P.2d 698 (1983). The administrative procedure utilized by Action, applying for exemption pursuant to K.S.A. 1994 Supp. 79-213, included a hearing before BOTA, a determination of the issue, and an exhaustion of administrative remedies; therefore, there is no contention that the district court lacked jurisdiction because BOTA had not considered the issue.

In *J. Enterprises,* this court discussed the administrative procedures available to a rent-to-own taxpayer. We held that the district court lacked jurisdiction over the case because the taxpayer failed to bring the issue before BOTA prior to filing a case in district court. 253 Kan. at 566. In the analysis, the court quoted at length from *Tri-County*, an earlier Kansas tax exemption case where the taxpayer brought a mandamus action against the county to determine the tax-exempt status of certain real property owned by the taxpayer. The *Tri-County* court traced the historical development of the statutory remedies available to a taxpayer seeking an exemption from ad valorem taxes, K.S.A. 1982 Supp. 79-2005, K.S.A. 74-2426 (Ensley 1980), and K.S.A. 1982 Supp. 79-213.

Relying on *Tri-County*, the court in *J. Enterprises* concluded that the rent-to-own taxpayer seeking the merchants' inventory exemption was provided with a full and adequate administrative remedy under the provisions of K.S.A. 1992 Supp. 79-2005, K.S.A. 74-2426, and K.S.A. 1992 Supp. 79-213. The *J. Enterprises* court found that because the taxpayer failed to avail itself of the remedy provided in these statutes, the district court and the appellate court lacked jurisdiction. 253 Kan. at 565.

However, *J. Enterprises* failed to recognize that K.S.A. 1982 Supp. 79-213 (the statute applicable in *Tri-County*) and K.S.A. 1992 Supp. 79-213 (the statute in effect at the time of the taxpayer's application for exemption in *J. Enterprises*) were significantly different in that the 1992 statute included subsection (l) providing that the statute was inapplicable to certain exemptions, including the merchants' inventory exemption. Therefore, *J. Enterprises* did not specifically determine that K.S.A. 1994 Supp. 79-213 provided

an administrative remedy for a taxpayer seeking the merchants' inventory exemption.

Under the circumstances it is necessary to review the history of that statute. In 1984 the legislature changed the mechanics of claiming property tax exemptions. A brief survey of the legislative history of the exemption statutes was made by McKenzie and Ratzlaff in the Fall 1984 University of Kansas Law Review. In the article they noted:

"Prior to 1984, [K.S.A.] 79-210 and [K.S.A.] 79-213 established a system that required taxpayers in most instances to file a claim of exemption and to refile the claim annually. The law did not require owners of certain exempt property including household goods, cemetery lots, and certain government property to reassert such exemption after initial approval.

"Amendments made in 1984 to [K.S.A.] 79-210 and [K.S.A.] 79-213 relaxed the refiling requirement, so that taxpayers now must annually renew their claim of exemption only for 'property which is exempt from the payment of property taxes under the laws of the state of Kansas *for a specified period of years.*' [Since the amendment, t]he annual refiling requirement [applies] only in connection with exemptions such as the ten-year exemption for property financed by industrial revenue bonds.

"The 1984 legislature also amended [K.S.A.] 79-213, which requires taxpayers claiming an exemption to file a claim for such exemption. Section 79-213(n), added in 1984, states, 'The provisions of this section shall not apply to farm machinery and equipment exempted from ad valorem taxation by K.S.A. 1983 Supp. 79-201j, and amendments thereto.' This exemption extends the tax break given to farmers by eliminating their need to file a claim for the property tax exemption enacted in 1982." McKenzie & Ratzlaff, Survey of Kansas Law: Taxation, 33 Kan. L. Rev. 71, 74 (1984).

Considering the legislative history of K.S.A. 1994 Supp. 79-213, we conclude that subsection (l) merely obviates the requirement of filing for an initial exemption determination regarding property exempt under article 11, section 1(b) of the Kansas Constitution. The statute sets out the procedure for obtaining an initial exemption determination where the taxpayer is uncertain whether the property qualifies for the exemption. The statute also expressly requires the owner of property claimed exempt pursuant to the provisions of article 11, section 13 of the Kansas Constitution, *i.e.*, property exempt for economic development purposes, to file an initial request for exemption. See K.S.A. 79-213(m).

PVD 92-026

Sedgwick County contends that the BOTA decision granting a merchants' tax exemption to Action must be reversed because it violates the express provisions of PVD Directive #92-026. Directive #92-026 provides:

"'Rent to own' property such as furniture and television sets [is] inventory and [is] exempt from property taxation by the Kansas Constitution (art. 11, § 1) and by K.S.A. 79-1439, provided:

"1.   such taxpayer is a 'merchant' as defined by K.S.A. 1991 Supp. 79-201m;

"2.   such inventory was purchased primarily for resale; and

"3.   such inventory is not depreciated on the merchant's federal income tax return.

"Other rental items, such as video tapes, tools and equipment purchased for rental only and not purchased primarily for resale, are not inventory and are taxable."

Directives of the Director of Property Valuation are authorized by K.S.A. 79-505. The Kansas Attorney General has issued an opinion regarding the effect of tax directives. Opinions issued by the Attorney General, though not binding on the court, are persuasive. See *Moore v. City of Lawrence*, 232 Kan. 353, 362, 654 P.2d 445 (1982); *Greenwood v. Estes, Savings and Loan Commissioner*, 210 Kan. 655, 661, 504 P.2d 206 (1972). The Attorney General opinion concludes that directives interpreting or implementing legislation meet all the criteria of a rule or regulation. Att'y Gen. Op. No. 94-120. Administrative regulations have the force and effect of law. K.S.A. 77-425.

Administrative regulations are presumed to be valid, and one who attacks them has the burden of showing their invalidity. However, rules or regulations of an administrative agency, to be valid, must be within the statutory authority conferred upon the agency. Those rules or regulations that go beyond the authority authorized, which violate the statute or are inconsistent with the statutory powers of the agency have been found void. Administrative rules and regulations, to be valid, must be appropriate, reasonable, and not inconsistent with the law. *Pemco, Inc. v. Kansas Dept. of Revenue*, 258 Kan. 717, 720, 907 P.2d 863 (1995).

PVD 92-026 is an appraiser directive issued for the purpose of prescribing appropriate standards for the performance of appraisals in connection with ad valorem taxation. K.S.A. 79-505. PVD 92-026 does not bind BOTA or this court. If PVD 92-026 is inconsistent with the law, it is void and cannot be a basis for reversing a BOTA decision.

## EXEMPTION

BOTA found that Action leases household goods and other items of personal property to its customers for weekly or monthly rental terms. The renewable lease agreements between Action and its customers are called "rental purchase agreements." At the end of the initial weekly or monthly rental period, the customer may renew the agreement for another term. Full payment of the rental fee is required at the beginning of each term. The rental purchase agreement allows a customer to acquire ownership for an item by renewing the lease for a specified number of consecutive rental periods. No additional payment is required at the end of the rental period. Title passes to the renter at the time of the final rental payment. Items may also be purchased for cash on an immediate sale basis. BOTA determined that the vast majority of Action's business is conducted through rental purchase contracts.

Sedgwick County argued before BOTA that Action did not qualify for the merchants' inventory exemption of K.S.A. 79-201m because (1) Action depreciated the subject property on its income tax reports; (2) Action's inventory was not held primarily for sale; (3) the rental of the property was an intervening use, rather than an incidental use, of the property; and (4) this court's finding in *Colorado Interstate Gas Co. v. Board of Morton County Comm'rs*, 247 Kan. 654, 657, 802 P.2d 584 (1990), that the legislature intended to define Kansas tax terms consistent with federal income tax principles and terms controls the definition of inventory in this case.

BOTA applied K.S.A. 79-201m to the facts and found that Action was a merchant. It determined Action's rental transactions were, in substance, financing agreements for the sale of property, and the property Action rented to purchasers was inventory as defined by K.S.A. 79-201m. BOTA concluded that Action's rent-to-own

assets were eligible for the merchants' inventory exemption. The district court found that BOTA based its decision on facts which were supported by substantial competent evidence and affirmed BOTA.

Our question involves an application of the facts to the law. Because, as the district court found, BOTA's decision was based on facts that were supported by substantial competent evidence, the legal issues are predominant. Of primary importance is an interpretation of K.S.A. 79-201m, concerning the definition of merchants' inventory. Interpretation of a statute is a question of law, and this court's review is unlimited. *Hamilton,* 263 Kan. at 879.

K.S.A. 79-201m is a tax exemption statute. BOTA is suited for resolving tax exemption claims, which, in turn, involve statutory interpretation. *J. Enterprises,* 253 Kan. 552, Syl. ¶ 4. Several basic principles govern review of BOTA decisions concerning the availability of tax exemptions:

"Taxation is the rule, and exemption from taxation the exception under the Kansas Constitution and statutes. [Citation omitted.] Constitutional and statutory provisions exempting property from taxation are to be strictly construed against the one claiming exemption, and all doubts are to be resolved against exemption. [Citation omitted.] Where the language of a statute, in particular, is relied upon as creating an exemption from taxation, it must be strictly construed against the party claiming the exemption . . . . [Citation omitted.] Strict construction, however, does not warrant unreasonable construction. [Citation omitted.]" *In re Tax Exemption Application of City of Wichita,* 255 Kan. 838, 842, 877 P.2d 437 (1994).

Tax exemption statutes are to be construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify. *In re Tax Appeal of Harbour Brothers Constr. Co.,* 256 Kan. 216, 223, 883 P.2d 1194 (1994).

Sedgwick County contends that K.S.A. 79-201m is ambiguous, requiring inquiry into the legislature's intent. We agree that in the context of rent-to-own taxpayers and their rent-to-own assets, the statute does not unambiguously state the law. Therefore, we may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions

suggested. See *Brown v. U.S.D. No. 333*, 261 Kan. 134, 142, 928 P.2d 57 (1996).

K.S.A. 79-201m was amended in 1989 by Senate Bill 42 (SB 42). SB 42, as amended by Senate Committee, was approved on April 10, 1989. At the 1989 Special Session of the legislature, the approved bill was further amended by House Bill 2004, which ultimately became law on December 14, 1989. L. 1989, ch. 1, § 1. Senate Bill 42 provided, in pertinent part:

"To the extent herein specified, merchants' and manufacturers' inventory shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas.

"As used in this section:

"(a) 'Merchant' means and includes every person, company or corporation who shall own or hold, subject to their control, any tangible personal property within this state which shall have been purchased *primarily* for resale ~~without modification or change in form or substance, and without any intervening use~~ *in the ordinary course of business without modification or change in form or substance, and without any intervening use, except that, an incidental use, including but not limited to the rental or lease of any such property, shall not be deemed to be an intervening use.*

. . . .

"(c) 'inventory' means and include those items of tangible personal property that: (1) Are *primarily* held for sale in the ordinary course of business (finished goods); (2) are in process of production for such sale (work in process); or (3) are to be consumed either directly or indirectly in the production of finished goods (raw materials and supplies). ~~Assets~~ *A capital asset* subject to depreciation or cost recovery accounting for federal income tax purposes ~~shall not be classified as inventory.~~ ~~A depreciable asset~~ that is retired from regular use *by its owner* and held for sale or as standby or ~~as~~ surplus equipment *by such owner* shall not be classified as inventory." L. 1989, ch. 289, § 1.

We find at this point that the finding in *Colorado Interstate Gas Co.*, 247 Kan. 654, regarding the intended confirmation of Kansas tax terms with federal income tax principles and terms, does not apply to this case because it interpreted a prior statute.

Both parties quote the Minutes of the 1989 Senate Committee on Assessment and Taxation to support their respective positions regarding the legislature's intention to exclude or include rent-to-own merchants in the definition of "merchant" and rent-to-own

assets in the definition of "inventory." The pertinent parts of the committee's discussion of SB 42 are set out below:

"Senator Kerr said we have had quite a bit of testimony, committee discussion, and conversation on SB 42; we also had Don Hayward do some suggested amendments to the bill. The problem that was brought to us was the case of large equipment that rented out on demonstration, and therefore was no longer inventory. Don Hayward has prepared a balloon to take care of that situation, narrowly drawn, so not to open up a loophole.

"The Senator asked Don Hayward if he would read and explain that part to the committee.

"Don Hayward said they went into the definition of 'merchant' and added back the original language which was that tangible personal property has to be purchased for resale in ordinary course of business, without modification or change in form or substance, and without any intervening use. This is the language that makes an exception to the requirement 'without any intervening use' except that, an incidental use, including but not limited to the rental or lease of any such property shall not be deemed to be an intervening use.

"[I]n lines 44 to 48, we cleaned up and made certain the type of assets that were not to be included in inventory. These are capital assests [sic] that are subject to depreciation or cost recovery accounting for Federal Income Tax purposes, that are retired from regular use by it's [sic] owner and held for sale or is standby surplus equipment, and are not to be classified as inventory. . . .

"Senator Kerr said the idea is not to violate the status of inventory by having the incidental use of renting or leasing allowed. Therefore the idea of this language is not to allow the regular rental business, such as video or car renting, to get the exempt status." Minutes of the Senate Committee on Assessment and Taxation (March 2, 1989).

Clearly, the legislature stated that the purpose when it amended K.S.A. 79-201m was to protect the inventory exemption of large equipment businesses that temporarily rent out their equipment for demonstration purposes prior to sale. At the same time, the legislature sought to construct the statute as to not exempt the inventory of rental businesses, such as video rental stores and car rental agencies. However, there is nothing in the committee minutes to suggest the legislature considered the effect of the amendment as to rent-to-own businesses' inventory.

Action contends that even if the 1989 amendments to K.S.A. 79-201m were not intended to address the specific situation of rent-to-own businesses, the legislature's deletion of the general provision that "[a]ssets [subject to depreciation] shall not be classified

as inventory" indicates the legislature's intention to allow depreciable assets to be classified as inventory.

When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. *State v. Spain*, 263 Kan. 708, 711, 953 P.2d 1004 (1998). However, this presumption may be strong or weak according to the circumstances, and may be wanting altogether in a particular case. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 736, 648 P.2d 1143 (1982).

The 1989 Senate Committee on Assessment and Taxation minutes indicate that the committee "cleaned up" the language regarding depreciable assets. The committee minutes clearly indicate that the legislature did not intend to expand the exemption to include assets that are *rented* in the ordinary course of business. K.S.A. 79-201m states that inventory includes tangible personal property primarily held for sale in the ordinary course of business.

Under K.S.A. 79-201m, a capital asset subject to depreciation or cost recovery accounting for federal income tax purposes that is retired from regular use by its owner and held for sale or as standby or surplus equipment by such owner shall not be classified as inventory. On the other hand, a capital asset subject to depreciation or cost recovery accounting for federal income taxes that is held primarily for sale to customers in the ordinary course of business may be classified as inventory.

The legislature's deletion of the provision that "[a]ssets [subject to depreciation] shall not be classified as inventory" allows some capital assets to qualify for the inventory exemption. The fact that depreciable assets are capital assets no longer precludes their classification as inventory.

There is substantial competent evidence to support BOTA's determination that Action's rent-to-own inventory is statutorily exempt from taxation. Therefore, Action may take advantage of the merchants' inventory exemption.

Affirmed.